## Ex Parte Louis Dockery.

### No. 1659.   Decided November 10, 1897.

**1.  Hiring Out of a Convict—Construction of Statute.**

Article 3739, Revised Statutes, which provides, "that no convict, under this chapter, shall ever be required to work or be hired for more than one year," has no application to a case where imprisonment is imposed as the punishment either in whole or in part.  It applies only to pecuniary fines and costs.  Where imprisonment is part of the punishment, articles 857, 858, Code of Criminal Procedure, regulate the manner of enforcing that portion of the judgment, while article 3729, Revised Statutes, provides for the labor of the convict during such imprisonment.

**2.  Same—Where Punishment Is Imprisonment and Fine.**

In misdemeanor cases, where the punishment is both imprisonment and fine, the law contemplates that both punishments be enforced.  The law seems to contemplate that the imprisonment shall be first enforced, and afterwards the pecuniary fine discharged in some of the ways provided by the Revised Statutes; both can not be enforced at the same time.

**3.  Same.**

A party convicted of aggravated assault, whose punishment is assessed at imprisonment for twelve months in the county jail, and a fine of $500, and who is hired out to work on the public roads, is not entitled to be discharged because he has worked one year; but he is still liable for the fine of $500 and costs; and as to that fine he has his option of remaining in custody until said fine and costs are paid, or until the expiration of twelve months longer, or he can pay the fine and costs and be discharged at once.

Appeal from the District Court of Wise.   Tried below before Hon. J. W. Patterson.

The opinion states the case.

*McMurray & Gose,* for relator.

*Mann Trice,* Assistant Attorney-General, for respondent.—Appellant was charged with assault to rape; was found guilty of an aggravated assault, and his punishment assessed at twelve months confinement in the county jail and a fine of $500.   He was put in the custody of an officer and placed at work on the public roads of Wise County, and after the expiration of one year sued out a writ of habeas corpus, contending that his service of one year entitled him to a discharge, although he had not paid the fine and costs.   Upon the hearing before the district judge, he was remanded to custody until he had paid the fine and costs.   The relator contends that the proviso in article 3739, Revised Statutes, entitles him to a discharge.   Said proviso reads as follows: "No convict under this chapter shall ever be required to work or be hired for more than one year."   When considered alone, and without reference to other statutory provisions, this position seems plausible, but when considered in connection with article 603 of the Penal Code, affixing the punishment for an aggravated assault, it is obvious that if relator's construction be adopted, the proviso in said article regulating county convicts would operate as a repeal of so much of article 603 as authorized the jury to impose a fine of not less than $25 nor more than $1000, or imprisonment not

less than one month nor more than two years, or by both such fine and imprisonment. It is not believed that this proviso in relation to county convicts was ever intended by the Legislature to operate as a repeal of this or any other statute fixing the penalty as a punishment for crime. The punishment for each offense against the penal law is made certain by the statute, and unless expressly repealed the same will be enforced. Repeals by implication not being favored by courts, it is respectfully submitted that the same should not be here indulged.

DAVIDSON, JUDGE.—Under an indictment charging him with assault with intent to rape, relator was convicted of an aggravated assault and battery, and his punishment assessed at twelve months' imprisonment in the county jail, and, in addition thereto, a fine of $500 was imposed by the verdict of the jury.

This conviction occurred June 15, 1896. In obedience to this judgment, relator was held in confinement for twelve months, and placed at work upon the public roads in Wise County, where the conviction occurred; and after the expiration of the twelve months, to wit, on the 12th day of July, 1897, he resorted to the writ of habeas corpus for his discharge. The writ was granted by Hon. J. W. Patterson, Judge of the Forty-third Judicial District, who, after hearing the matters in controversy, remanded relator to custody until the fine and costs were paid.

Relator's contention is that, under article 3739 of the Revised Statutes of 1895, he is entitled to his discharge, because he has been confined for the space of twelve months. Said article reads as follows: "When a convict who has been committed to jail in default of payment of fine and costs is required to do manual labor, he shall be credited upon such fine and costs at the rate of fifty cents for each day he may labor, and upon satisfaction of such fine and costs in full at said rate he shall be discharged: provided, such work shall be performed on public streets or roads, or on county poor farms. No convict under this chapter shall ever be required to work or be hired for more than one year." This article has no application to a case where imprisonment is imposed as the punishment, either in part or in whole. It applies only to pecuniary fines and the costs. In misdemeanor cases, where imprisonment is a part of the punishment, articles 857 and 858, Code of Criminal Procedure, regulate the manner of enforcing that portion of the judgment; and article 3729, Revised Statutes 1895, provides for their labor during such imprisonment. Where the punishment in misdemeanor cases is both imprisonment and fine, the law contemplates that both punishments shall be enforced, the imprisonment to be suffered as above indicated, and the hiring out of the convicts or working them upon the poor farm or otherwise, in accordance with the rules laid down in the Revised Statutes in reference to that subject. The statute seems to contemplate that the imprisonment shall be first enforced, and afterwards the pecuniary fine discharged in some of the ways provided by the Revised Statutes. In our judgment, both can not be enforced at the same time. The law does

not authorize this means of enforcing the judgment. The fine is a part of the same punishment, but in addition to that of imprisonment. We deem it unnecessary, under this view of the case, to discuss the question as to whether the provisions of article 3739, Revised Statutes 1895, repeal by implication any of the punishment attached to misdemeanors, where the fine would be of sufficient amount to require more than twelve months to discharge it by working upon the county poor farm, public roads, or by hiring out the convict. As this case is presented, this question is not before us. If, after the expiration of twelve months of service under that portion of the judgment imposing the $500 fine, relator should seek his discharge under the terms of article 3739, then the question would be before us.

We are of opinion that the trial judge was correct in remanding the relator until the fine and costs were paid, or at least, if they have not been paid in the meantime, for the space of twelve months. Relator has the option of remaining in custody until the fine and costs are paid, or if the provisions of article 3739, Revised Statutes 1895 are legal, until the expiration of the twelve months provided therein, or he can pay the fine and costs, and be discharged at once.

As presented to us, the judgment must be affirmed; and it is so ordered.

*Affirmed.*

HURT, Presiding Judge, absent.