## EX PARTE CHARLEY STEPHENS.

No. 460.   Decided March 30, 1910.

Rehearing denied May 4, 1910.

**Capias Profine—Hiring Convict—Jail Penalty.**

Where a defendant was arrested under a capias profine from the County Court and hired out under a convict bond to work off a fine, he could not be released upon habeas corpus, where the conviction also carried a punishment of confinement in the county jail, under the plea that after the fine and costs were paid this would operate as an extinguishment of the imprisonment punishment. The mere fact that the fine was first paid would not operate as a relinquishment of the imprisonment.

Appeal from the County Court of Johnson.   Tried below before the Hon. J. B. Haynes.

Appeal from habeas corpus proceedings asking discharge from arrest from a capias profine.

The opinion states the case.

*Phillips & Bledsoe,* for appellant.—Cited Ex parte Dockery, 38 Texas Crim. Rep., 293, 42 S. W. Rep., 599.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of a felony and sent to the penitentiary.   Upon his return he was arrested under a conviction in the County Court wherein his punishment was assessed at confinement in the county jail and a fine.   After being arrested under a capias profine from the County Court, he was hired out under a convict bond at $10 a month.   After proper length of time this bond was paid off by the hirer and the bond canceled.   He was then placed in jail under the imprisonment portion of the verdict.   Appellant resorted to the writ of habeas corpus before the county judge for his discharge upon the ground that he could not be incarcerated for the imprisonment portion of the verdict after having paid the fine assessed against him.   His proposition seems to be that the imprisonment part of the punishment must be endured first, and that after the

fine is paid off and discharged by reason of the convict bond, it is too late to incarcerate him in jail under the imprisonment part of the punishment. To sustain this proposition we are referred to articles 856, 857 and 858 of the Code of Criminal Procedure and Ex parte Dockery, 38 Texas Crim. Rep., 293. Article 856, Code Criminal Procedure, provides that where a party has been convicted and a fine imposed he may make oath in writing that he is unable to pay the fine and costs adjudged against him, whereupon he may be hired out to manual labor or be put to work in the manual labor workhouse, or on the manual labor farm, or public improvements of the county; or, in case there be no such workhouse, farm or improvements, and in case the county authorities fail to hire out such convict in accordance with the law regulating county convicts, he shall be imprisoned in the county jail for a sufficient length of time to discharge the full amount of the fine and costs adjudged against him, rating such punishment at three dollars for each day thereof. Article 857, Code Criminal Procedure, provides: "When, by the judgment of the court, a defendant is to be imprisoned in jail, the sheriff shall execute the same by imprisoning the defendant for the length of time required by the judgment, and for this purpose a certified copy of such judgment shall be sufficient authority for the sheriff." Article 858, Code Criminal Procedure, is as follows: "When a capias is directed to be issued for the apprehension and commitment of a person convicted of a misdemeanor, the penalty of which, or any part thereof, is imprisonment in jail, the writ shall recite the judgment and command the sheriff to place the defendant in jail, to remain the length of time therein fixed, and this writ shall be sufficient to authorize the sheriff to enforce such judgment." In Dockery's case, supra, appellant had been convicted of aggravated assault and given twelve months imprisonment in the county jail and a fine of $500. In obedience to the judgment, relator was held in confinement for twelve months, and placed at work upon the public roads in the county where the conviction occurred, and after the expiration of the twelve months he resorted to the writ of habeas corpus for a discharge. Relator's contention in that case was that by terms of article 3739 of the Revised Civil Statutes he was entitled to his discharge because he had been confined for the space of twelve months. The opinion held that the article had no application to a case where imprisonment is imposed as a punishment either in whole or in part; that it applied only to pecuniary fines and costs. It was said in that case: "Where the punishment in misdemeanor cases is both imprisonment and fine, the law contemplates that both punishments shall be enforced, the imprisonment to be suffered as above indicated, and the hiring out of the convicts or working them upon the poor farm or otherwise, in accordance with the rules laid down in the Revised Statutes in reference to that subject. . . . In our judgment, both can not be enforced at the same time. The law does not authorize this means of enforcing the judgment. The fine is a part of the same pun-

ishment, but in addition to that of imprisonment." Under that decision and the reading of the statutes we are of opinion that the trial court did not err in remanding appellant to custody. In the Dockery case, supra, this language is found in the opinion: "The statute seems to contemplate that the imprisonment shall be first enforced, and afterwards the pecuniary fine discharged in some of the ways provided by the Revised Statutes." That language was not necessary in the decision of the case and it may be treated as obiter dicta, but we think the better practice so to do. It was not an adjudication of that question nor was it intended so to be. The Dockery case only decides that the two punishments can not be imposed at the same time. That conclusion, we think, is correct, but we are of opinion that the language of the statute is not of such a nature as would require that the imprisonment punishment must necessarily be first endured. While it might be perhaps in consonance with the reading of the statute, yet the statute does not so declare. The fact that the fine and costs were paid first would not operate as an extinguishment of the imprisonment punishment. Both punishments are to be executed as found by the verdict of the jury and judgment of the court. The mere fact that the fine was first paid would not operate as a relinquishment or a pardon of the imprisonment.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied May 4, 1910.—Reporter.]