**EX PARTE VENDETTI.**

(Fourth Division. Fairbanks. August 23, 1921.)

No. 827, Criminal.

1. **Criminal Law** ⬤◻1215—**Habeas Corpus—Fine.**

Defendant was convicted for the crime of selling liquor in violation of the law, before a justice of the peace and sentenced to pay a fine of $250, "and that he be imprisoned in the federal jail at Fairbanks, Alaska, for the term of four months," but the judgment of conviction did not direct that he be im-

prisoned in the county jail until the fine be satisfied. Defendant applied for habeas corpus after serving the four months' imprisonment, leaving the fine unpaid. *Held*, the imprisonment provided in the sentence was not in lieu of the fine, but in addition thereto; and the defendant must serve the four months imposed in the judgment, and also pay the fine under the terms of section 2299, Compiled Laws of Alaska 1913.

**2. Fines ⚖⇒6—Criminal Law—Judgment.**

A judgment of conviction in a criminal case in Alaska. which provides that a judgment that the defendant pay money either as a fine or as costs and disbursements of action, or both, must be docketed as a judgment in a civil action, and may be enforced by execution against the property of the defendant in like manner as judgments in civil cases are enforced.

**3. Fines ⚖⇒12—Judgment—Criminal Law.**

As a general rule, where the punishment for an offense is both fine and imprisonment, the court may order defendant. for failure to pay the fine, to be imprisoned, and that such imprisonment begin after the expiration of the term fixed as a punishment for the crime.

R. F. Roth, U. S. Atty., of Fairbanks.

Morton E. Stevens, of Fairbanks, for petitioner.

BUNNELL, District Judge. The petitioner is confined in the federal jail at Fairbanks, Alaska, under and by virtue of the following judgment:

"In the Justice's Court for Fairbanks Precinct, Territory of Alaska, Fourth Division.

"The United States of America v. Gabe Vendetti, Defendant.

"No. 1075, Cr.

"Violation of Alaska Dry Law.

"Judgment and Commitment.

"Fairbanks, Alaska, April 19, 1921.

"The above-named Gabe Vendetti having been brought before me, Reed W. Heilig, a commissioner and ex officio justice of the peace, in a criminal action for the crime of unlawfully manufacturing spirituous intoxicating liquor for beverage purposes, and the said Gabe Vendetti having been thereof duly convicted upon a plea of guilty, I have adjudged that he pay a fine of two hundred fifty and No/100 ($250.00) dollars, and the costs of this action taxed at —————— dollars, and that he be imprisoned in the federal jail at Fairbanks, Alaska, for the term of four months.

"Reed W. Heilig,

"Commissioner and Ex Officio Justice of the Peace."

---

⚖⇒See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Two reasons are assigned by the petitioner for his release under the theory that he is illegally restrained and deprived of his liberty. The first contention is that the justice, having imposed a fine of $250 and costs and then continued in the judgment with this wording "and that he be imprisoned in the federal jail at Fairbanks, Alaska, for the term of four months," must have intended that serving four months in the federal jail would be sufficient if the defendant defaulted in the payment of the fine. I see no reason for attempting to place any such construction upon the plain wording of the judgment. The sentence is that he pay a fine of $250 and the costs of the action, and that he be imprisoned in the federal jail at Fairbanks for the term of four months. This is not a judgment that the defendant pay a fine only, but it is a judgment that he pay a fine, and that in addition to such punishment, as a part of the penalty for his offense, he be imprisoned for a term of four months. If there is default in the payment of a fine imposed, the statute makes the following provision:

"Sec. 2299. That a judgment that the defendant pay a fine must also direct that he be imprisoned in the county jail until the fine be satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every two dollars of the fine; and in case the entry of judgment should omit to direct the imprisonment and the extent thereof, the judgment to pay the fine shall operate to authorize and require the imprisonment of the defendant until the fine is satisfied at the rate above mentioned."

The second contention of the petitioner is that, if a penalty of both fine and imprisonment is imposed, he is entitled to be released as soon as he has served the term specified in the judgment, and that in default of payment of the fine he cannot be held legally to serve additional time not to exceed one day for each $2 thereof. If such were the provision of the statute, the petitioner's contention would have merit. Our statute makes no such provision either directly or impliedly. Section 2301 provides that a judgment that the defendant pay money either as a fine or as costs and disbursements of the action, or both, must be docketed as a judgment in a civil action and may be enforced by execution against the property of the defendant in like manner as judgments in civil cases are enforced. This is a wise provision, for one without property or money cannot be held in jail indefinitely, nor can one

able to pay stubbornly fail to pay and thereby cause the government additional expense in providing for him. If he has property it is subject to the lien of the judgment against it, and if it can be located it can be sold and applied in satisfaction of the judgment against him.

Counsel for the petitioner has called to the court's attention a line of authorities from California and Utah that support his contention. They are found on page 554 of the nineteenth volume of Cyc., and are grouped under foot note 47 as an exception to the general rule. Besides these cases, there were cited People v. Kerr, 15 Cal. App. 273, 114 Pac. 584, and Reese v. Olsen, 44 Utah, 318, 139 Pac. 941. These cases are all exceptions to the general rule. The general rule is stated in 19 Cyc. p. 553:

"As a general rule, where the punishment for an offense is both fine and imprisonment, the court may order defendant, for a failure to pay the fine, to be imprisoned, and that such imprisonment begin after the expiration of the term fixed as a punishment for the crime."

Also see 19 Cyc. 551, and cases cited; 8 R. C. L. pp. 269, 270; Ex parte McGee, 33 Or. 165, 54 Pac. 1091; Ex parte Dockery, 38 Tex. Cr. R. 293, 42 S. W. 599; Berkenfield v. People, 191 Ill. 272, 61 N. E. 96; Thomas v. State, 74 Fla. 200, 76 South. 780; State v. Merry, 20 N. D. 337, 127 N. W. 83; People ex rel. Gately v. Sage, 13 App. Div. 135, 43 N. Y. Supp. 372.

The writ is denied, and the petitioner is remanded to the custody of the United States Marshal.

⬅See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes