Ex parte WHITESIDE.

No. 21562.

Court of Criminal Appeals of Texas.

May 14, 1941.

Burns & Burns, of Huntsville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant, a convict in the state penitentiary, claiming that he had served the time assessed against him, sought by writ of habeas corpus before the district court of Walker County to obtain his release. From the order remanding him to the custody of the penitentiary authorities he appeals.

In 1930, appellant was convicted in the district court of Harris County of the offense of murder and his punishment assessed at twenty years confinement in the state penitentiary. He began serving that sentence and continued to so serve until 1933, when he was, by the then Governor of the state, granted a sixty-day furlough. At the time the furlough was granted he had served two years, nine months and four days of that sentence.

While at liberty on the furlough, appellant was tried and convicted upon his plea of guilty in the district court of Tarrant County of three felonies, one of which was for the offense of robbery, with a punishment of twenty years confinement in the state penitentiary assessed. The other two carrying lesser penalties were by the court expressly made to run concurrent with the robbery conviction, the effect of such order being that appellant's punishment was fixed at twenty years in the penitentiary in those cases. No reference

was made to the Harris County sentence or the unserved portion thereof, of seventeen years, two months and twenty-six days.

Appellant re-entered the penitentiary to serve said remainder of the Harris County sentence and the new sentence imposed. Upon his re-entry the penitentiary authorities treated him as a new convict, assigning to him a new convict number, as serving the Tarrant County sentence. The unserved portion of the Harris County sentence, being less than that assessed in Tarrant County, was treated as being absorbed by the Tarrant County sentence inasmuch as both ran concurrently.

Appellant contends that the method employed by the penitentiary authorities was incorrect, and that he should have been treated as a returned furloughed convict, serving the unserved portion of the Harris County sentence together with the Tarrant County sentence, and that for the purposes of commutation under the statute (Art. 6166v R.C.S., Vernon's Ann.Civ.St. art. 6166v), he should have been treated as a convict serving twenty-two years, nine months and four days, dating from the time he began serving the Harris County sentence, as one continuous sentence.

The undisputed facts show that if appellant's contention be correct he has, by reason of credit for commutation and over time earned, served the time required and is entitled to his discharge. If the method employed by the penitentiary authorities be correct, he has not served the sentence.

Appellant relies chiefly to support his contention upon that part of Article 6166v, Vernon's Revised Civil Statutes, which reads as follows: "A prisoner under two or more cumulative sentences shall be allowed commutation as if they were all one sentence."

To invoke this statute, of necessity, the two sentences must be cumulative. We are unable to agree that they should be so construed. Article 774, C.C.P., Vernon's Ann.C.C.P. art. 774, reads as follows: "When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in the penitentiary or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that

the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly."

Prior to the enactment of this article there existed no authority for the cumulation of sentences. All were concurrent. Baker v. State, 11 Tex.App. 262, Hannahan v. State, 7 Tex.App. 664.

■ Two or more sentences may be cumulative only by the express order of the court passing sentence, and unless the sentences are expressly made to run cumulative they run concurrently. Ex parte Davis, 71 Tex.Cr.R. 538, 160 S.W. 459.

■ There being no order of the district court of Tarrant County making the sentence of that court cumulative of the Harris County sentence or unserved portion thereof, the statute relative to cumulative sentences may not be invoked.

We do not, however, agree that the method pursued by the penitentiary authorities was correct and for that reason have decided to write further.

In Ex parte Lawson, 98 Tex.Cr.R. 544, 266 S.W. 1101, there was before this court a question in some respects similar to that here presented. There a federal convict serving a term in the federal prison was brought before a state court, and there tried and convicted of a felony under the laws of this state. The sentence passed ran concurrently with the federal sentence. The convict, instead of being placed in the state penitentiary, was returned to the federal prison to serve the federal sentence. Upon his release from the federal prison he was taken in custody and incarcerated in the state penitentiary. The question at issue was whether or not under such facts the convict was entitled to a credit upon the state sentence for the time served in the federal prison after the passage of the state sentence. The conclusion reached was that credit should have been given upon the state sentence for the time served in the federal prison after the passage of sentence in the state court.

■ Applying that holding here, the conclusion is reached that appellant is entitled to be credited upon the Tarrant County sentence with all the time served, commuted and earned, upon the Harris County sentence after the passage of sentence in the Tarrant County case, and that

1024

when he shall have thus served the unserved portion of the Harris County sentence, which under the record before us is seventeen years, two months and twenty-six days, this is to be credited upon the twenty-year Tarrant County sentence, and as to the remainder thereof he should, for commutation purposes, be treated as having served that time upon the Tarrant County sentence.

From the record before us we are unable to ascertain if appellant has served the Tarrant County sentence under the rules here announced. It follows, therefore, that the record failing to reflect that the appellant is entitled to be discharged from custody, the judgment of the trial court should be affirmed. This, however, is without prejudice to have his rights determined in another hearing under the conclusions here reached.