# NOVEMBER 24, 1943

## EX PARTE ROBERT HERROD.

No. 22669. Delivered October 20, 1943.
Rehearing Denied November 24, 1943.

The opinion states the case.

*G. Q. Youngblood*, of Dallas, for appellant.

*Dean Gauldin*, Criminal District Attorney and *Angelo Pranio*, Assistant Criminal Attorney, of Dallas County, both of Dallas, and *Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appellant was confined in jail, satisfying, in default of payment, a pecuniary fine and costs, assessed against him, by a justice court judgment, in a misdemeanor case. While so confined, he was carried before the county court, where he was convicted of other misdemeanors and his punishment assessed at confinement in jail for 180 days. He was immediately thereafter returned to jail, where he remained confined for the period of time mentioned. At the expiration of that time, appellant sought his release from custody by writ of habeas corpus, contending that, by such confinement in jail, he had satisfied both judgments.

The appeal is from an order denying the relief prayed for and remanding appellant to the custody of the sheriff until the remainder of the justice court fine and costs had been fully satisfied.

If appellant be entitled to be credited on the justice court fine and costs with the sum of $3.00 per day for each day served in jail, as provided by Art. 739, C. C. P., he has more than satisfied that judgment. On the other hand, if the time served in jail after the rendition of the county court judgment is to be applied only to satisfying that judgment, then appellant has not fully satisfied the justice court judgment, and is not entitled to be discharged.

The issue for our determination, then, is whether or not the time served in jail is to be applied in satisfaction of both judgments. The pivotal point revolves around the fact that, at the time appellant was convicted in the county court, he was then undergoing and satisfying the punishment assessed by the justice court. This fact appears to be a material distinguishing feature.

Art. 787, C. C. P., provides that, upon the rendering of a judgment of conviction in a misdemeanor case, when a pecuniary fine is assessed, the defendant shall be imprisoned in jail until "discharged as provided by law." The term "discharged as provided by law" means either to pay the fine and costs assessed, to lay it out in jail, or to have same remitted by an authority having that power. Art. 785, C. C. P. Appellant not having paid the fine and costs, and same not having been remitted, his confinement in jail was, under such circumstances, the only alternative.

Whether the county court was authorized to make its judgment cumulative of the justice court judgment does not enter into the matter, because no such order was entered. Moreover, it is not the State's contention that appellant first served the time necessary to satisfy the justice court judgment before he began serving the time fixed by the county court judgment. The State's contention is that, upon the rendition of the county court judgment, and appellant's imprisonment in jail thereunder, he began serving that judgment, inasmuch as confinement in jail was the specific punishment assessed, whereas, under the justice court judgment, the confinement in jail was not the punishment affixed by that court but was only a method of paying or satisfying that judgment. In analyzing this position, it must be borne in mind that appellant did not, by any act on his part, interfere with his satisfying the justice court judgment by confinement in jail. He was satisfying that judgment when the State carried him into county court to inflict further punishment upon him, resulting in the jail sentence.

As supporting its contention, and the trial court's ruling, the State relies upon the case of Ex parte Williams, 1 33 Tex. Cr. R. 116, 109 S. W. (2d) 171, wherein we held that one convicted of a misdemeanor, with punishment assessed at a pecuniary fine, and who, while satisfying that judgment by confinement in jail, is convicted of a felony, could, after having served the term in the penitentiary, be required to satisfy the misdemeanor punishment. In other words, the time confined in the

penitentiary did not constitute confinement in jail so as to discharge a misdemeanor fine. The distinction between that case and this case is readily apparent. Such distinction lies in the place where the defendant was confined. Confinement in the penitentiary is not confinement in jail.

The State also contends that the cases of Ex parte Dockery, 38 Tex. Cr. R. 293, 42 S. W. 599, and Ex parte Stephens, 59 Tex. Cr. R. 177, 127 S. W. 819, support its contention. These cases hold that, where imprisonment in jail and a fine are assessed as punishment in a case, the service of the jail term cannot be applied as a satisfaction of the fine imposed.

We fail to see wherein such rule is controlling here. The fact situation is entirely different. The State's contention cannot be sustained upon the language used in the Dockery case, to the effect that "The statute seems to contemplate that the imprisonment (in jail) shall be first enforced, and afterwards the pecuniary fine discharged in some of the ways provided by the Revised Statutes," because, in the Stephens case, supra, such language was held to be obiter dicta and not a correct principle of law.

We have reached the conclusion that this case is controlled and governed by the rule announced in the case of Ex parte Lawson, 98 Tex. Cr. R. 544, 266 S. W. 1101, and approved in Ex parte Whiteside, 141 Tex. Cr. R. 642, 150 S. W. (2d) 1022. In Ex parte Lawson, as we said in Ex parte Whiteside, "There a federal convict serving a term in the federal prison was brought before a state court, and there tried and convicted of a felony under the laws of this state. The sentence passed ran concurrently with the federal sentence. The convict, instead of being placed in the state penitentiary, was returned to the federal prison to serve the federal sentence. Upon his release from the federal prison he was taken in custody and incarcerated in the state penitentiary. The question at issue was whether or not under such facts the convict was entitled to a credit upon the state sentence for the time served in the federal prison after the passage of the state sentence. The conclusion reached was that credit should have been given upon the state sentence for the time served in the federal prison after the passage of sentence in the state court."

The situation here presented is analogous, especially in view of the fact that, as we have heretofore pointed out, when appellant was convicted in the county court, he was in jail, satisfying the justice court judgment.

The judgment of the trial court is reversed and the appellant is ordered discharged.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

We are not in accord with the reasoning presented in the State's motion for rehearing and feel that the original opinion clearly and fully discusses the law necessary to a determination of the question before us. It is our conclusion that a further discussion of the authorities presented in the motion could add nothing to the original opinion and that they are not called for in order to reach a proper decision of the matter involved.

We have reconsidered the case in the light of such authorities referred to, and are of the opinion that the State's motion for rehearing should be overruled, which is accordingly done.