## EX PARTE LESLIE BEN DRAKE.

No. 23900. Delivered October 29, 1947.

*Frank Ivey* and *A. S. Baskett,* both of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant is an inmate of the State penitentiary and filed an application for writ of habeas corpus to the Honorable Robert A. Hall, Judge of the Criminal District Court of Dallas County, which was presented on August 26, 1947, seeking his release

from such imprisonment. A hearing was had on his application and the facts certified to this Court as found by the District Judge. Such facts may be summarized as follows:

He was convicted in Dallas County of the offense of felony theft and began his sentence on November 4th, 1938. Thereafter and on October 29th, 1942, the Governor of Texas granted relator a conditional pardon. While he was at liberty under such clemency he was charged, tried, and convicted in the Federal Court for an offense committed after his release from the penitentiary. He appealed from such conviction and while his case was on appeal the Governor, on February 17th, 1944, revoked his pardon. It is also in evidence that at such time appellant was in jail charged with another offense in the State Court, for which the Grand Jury later returned a "no bill," a date, as we understand it, following the affirmance of his conviction in the Federal Court. He had remained in the jail of Dallas County from the date of his arrest on the charge for which he was "no billed" until delivered to the Federal authorities. It will be noticed also that he was in jail at the time the pardon was revoked, by reason of the charge for which he had been convicted in the Federal Court, and that he remained there until delivered to the United States Marshal to be taken to the Federal Penitentiary at Leavenworth, Kansas. Thus it appears he was a State prisoner on another charge from January 14th, 1944, until he became a Federal prisoner on January 26th, 1944, and that he was in jail both because of the complaint lodged against him charging a felony by the State of Texas, and the Federal charge, continuously from and after January 26th, 1944, until the date he was delivered to the United States Marshal to be transported to Leavenworth, which includes the date of the revocation of the pardon by the Governor.

When relator was sentenced by the Federal District Court such sentence was not made cumulative of the State sentence, a fact which, in the opinion of the writer, makes no difference in determining the question now before us. When sentenced in the State Court his sentence was, of course, not cumulative of the Federal sentence. The Court had no way to foresee and contemplate such sentence. When final judgment was entered and sentence pronounced his case was in the hands of the executive whose power is restricted to the collection of the penalty, or to forgive all or a part of it. He cannot modify the judgment by order or failure to order. He can pardon, or suspend, or reprieve. Based on the foregoing statement, the case is before us with the contention that appellant is entitled, on the sentence

for which he is now being held, to credit for the time he was in the Dallas County jail and in the Federal penitentiary. It is his claim that such credit, with good time, would entitle him to release from the penitentiary.

In his brief three propositions of law are submitted: FIRST, that in the absence of some order to the contrary the term of a person who has been sentenced to imprisonment begins to run upon his entry into the jail or penitentiary, and the fact that he is also held pending trial on another charge will not prevent it from running. SECOND, that after conviction and issuance of mittimus the officer having the prisoner in charge thereunder is without authority of law to deliver him over to another, and that after the time specified in the mittimus has expired, the court will order his release. THIRD, the doctrine of concurrent and cumulative sentence is recognized and applied in the Federal Courts the same as in the State Courts.

For the first proposition reliance is had on Ex Parte Davis, 160 S. W. 459. We are unable to see any assistance in this decision for appellant, on the proposition submitted. Davis was in jail on charges by the State of Texas. The State Court could properly take him from the jail to the penitentiary, even though other charges were pending against him which, independent of the conviction, would have kept him in jail. Conclusions hereinafter reached will distinguish that case from the one under consideration.

We find it necessary only to consider the second proposition submitted. Among the authorities presented by appellant is Ex Parte Cox, 187 S. W. (2d) 985. This was a case from Dallas County and, in our opinion, is sufficiently similar and does decide the question here presented adversely to appellant's contention. Cox was a fugitive from justice, his conviction in the State Court having been appealed and affirmed while he was at liberty on appeal bond. Later he was apprehended, brought back to Dallas and placed in the jail as a Federal prisoner. Upon conviction he was sent to the Federal prison and, upon being released, presented the contention in said case that he had served his time in Texas while also serving in the Federal penitentiary. Presiding Judge Hawkins wrote the opinion on original submission and observed that where the prisoner had properly come into the hands of the sheriff as a Federal prisoner, even though after affirmance of his case by the State Court, and was by the Federal Court incarcerated in the penitentiary, the rule as to concurrent sentences had no application, so that defendant upon

his release from the Federal penitentiary was properly delivered into the custody of the sheriff and by him delivered to the State penitentiary authorities. It was by his own wrongful act that appellant was prevented from serving his sentence in the State penitentiary during such period of time. The State had no power to take Cox away from the Federal authorities during this period, consequently, should not be charged with such service.

The question is identical with the one now before us. He was out on conditional pardon by the Governor when arrested and convicted by the Federal authorities. When this conditional pardon was revoked the State had no right to take charge of him and place him in the State penitentiary until the Federal authorities released him. When the Federal authorities did release him it became the duty of the manager of the State penitentiary to receive him and confine him until he had served the remainder of his sentence, without credit for the time he was confined in the Federal penitentiary at Leavenworth. Such pronouncement is in accord with the Cox case, supra, and will be the order of this Court.

The relief prayed for is denied.