## EX PARTE FLETCHER JONES.

No. 24212.   October 20, 1948.

Hon. Max M. Rogers, Judge, Presiding.

Relator represented himself.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator, an inmate of the State prison, applied for a writ of habeas corpus to this Appellate Court, and the matter was set down for a rehearing before a full court, and it is now present upon the proposition as to whether such writ should be granted.

This matter has heretofore been presented to Judge Max M. Rogers of the District Court of Walker County and by him refused.

The grounds upon which relator relies for the granting of such writ are set forth in a sworn statement herein filed and are substantially as follows: It is shown herein that relator was convicted of the offense of robbery in Wise County, Texas, and under a term of seven years, he was received in the State Prison on June 11, 1939; that he was the recipient of clemency upon the part of the Governor of the State by being given reprieves from time to time, some of which were revoked; and reprieves were again awarded him; that a total of 5 years, 7 months and 27 days have been spent under reprieves by relator since his original commitment to the penitentiary on this sentence. While under the last reprieve, relator was taken into custody by Federal officers for an alleged burglary of a post office and larceny therefrom committed while at large under said reprieve, to which charge he pleaded guilty and was sentenced to serve a term of five years in the Federal penitentiary and taken thereto, as well as a further term of three years thereafter on probation, whereupon his state reprieve was revoked by the Governor of Texas.

It is shown that while out under his last reprieve, relator was notified to come to the City Hall in Fort Worth, and while being questioned by a city detective there, he was ordered under arrest by a United States Commissioner and placed in custody of the Federal authorities and sent to the Federal penitentiary upon his plea of guilty.

It is relator's contention that the State voluntarily surrendered its custody of and control over him to the Federal authorities and that the time served under the Federal sentence should be granted to him as time served on his original seven-year sentence from Wise County.

A city detective or city officer has no power to waive jurisdiction or custody over a state prisoner. Again, at the time of the commission of the Federal offense, relator was at large under the clemency of the Governor of this state and not under confinement or custody. It would be a strange doctrine to say that as long as one was under the operation of an act of clemency of the Governor and at large from the State Prison, he would not be answerable under the law for further acts of lawlessness committed while enjoying such act of clemency.

We think the District Judge was correct wherein he said relator voluntarily placed himself in a position to be taken into Federal custody when he committed the offense of burglary of a post office.

Doubtless, upon being informed of this Federal offense, the Governor of this state revoked the reprieve upon which relator was enjoying his freedom from the Wise County conviction, and upon relator's release by the Federal authorities, he was returned to the state authorities and again placed in the State Prison. From the relator's record here present, it is shown that upon the Wise County judgment he has served 2 years, 9 months and 23 days, with a forfeiture of all good time on account of misbehavior.

Relator's contention that he is entitled to add to his time served in the State Prison the time spent by him in the Federal prison is not a sound proposition. We held in Ex parte Drake, 151 Tex. Cr. R. 17, 205 S. W. (2d) 372, as follows:

"The question is identical with the one now before us. He was out on conditional pardon by the Governor when arrested and convicted by the Federal authorities. When this conditional pardon was revoked the State had no right to take charge of him and place him in the State Penitentiary until the Federal authorities released him. When the Federal authorities did release him it became the duty of the manager of the State Penitentiary to receive him and confine him until he had served the remainder of his sentence, without credit for the time he was confined in the Federal Penitentiary at Leavenworth. Such pronouncement is in accord with the Cox case, supra, and will be the order of this court."

The application for the issuance of the writ of habeas corpus is denied.