## I. N. McNUTT V. STATE.

No. 24775. May 24, 1950.

No attorney for appellant of record on appeal.

*George P. Blackburn*, State's Attorney, Austin, for the state.

HAWKINS, Presiding Judge.

Appellant was charged by complaint and information with violating the liquor control act, in Hockley County, which was alleged to have been dry area.

The complaint and information contained four counts; the first charged that on or about April 8, 1949, appellant in Hockley County sold whisky to W. E. Russell; the second count charged that on or about April 8, 1949, appellant in Hockley County did "transport-sell-possess for the purpose of sale * * * whiskey to W. E. Russell"; the third count charged that on or about April 9, 1949, appellant in said county sold whiskey to W. A. Phillips; the fourth count charged that on or about April 22, 1949, in said county appellant possessed for the purpose of sale whiskey. Only the first and third counts were submitted to the jury, whose verdict appears in the judgment which follows:

"On this the 9th day of August, A. D. 1949, there came on to be heard the above entitled and numbered cause and the state by her county attorney and the defendant by his attorney and in person appeared and announced ready for trial and the defendant pleaded not guilty to the counts contained in the information and a jury, to-wit: A. A. Barton and five others were duly selected, empaneled and sworn, who, having heard the information read, the defendant's plea of not guilty thereto, and having heard the evidence submitted, and after having heard the court's charge and the argument of counsel, retired in charge of the proper official to consider their verdict, and after wards returned into court in due form of law, the following verdict which was received by the court and is here now entered upon the minutes, to-wit:

THE STATE OF TEXAS | IN THE COUNTY COURT OF

VS. | FILE NO. 2608 HOCKLEY COUNTY, TEXAS

I. N. McNUTT | AUGUST TERM, A. D. 1949

"We, the Jury, find the defendant guilty as charged in count number one of the information and assess his punishment at $100.00 fine and 30 days in Jail.

"We, the Jury, find the defendant guilty as charged in count number three of the information and assess his punishment at $100.00 fine only.

(Signed) "A. A. Barton,
"Foreman of the Jury.

"IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED BY THE COURT that the State of Texas, do have and recover the said fine

of $200.00, the total amount of fine assessed by the jury on the two counts that the Jury found the defendant guilty herein and all costs of this prosecution and the defendant is here and now sentenced to serve thirty days in the County Jail of Hockley County, and the defendant being present in court is placed in the custody of the sheriff, who will commit him forthwith to Jail until such fine and costs are fully paid, and until said thirty days sentence is fully served and execution may issue against the property of the defendant, I. N. McNutt for the total amount of the fine assessed against him and costs of suit."

The record is here without statement of facts or bill of exception. There were some objections to the court's charge, and some special charges requested and refused, and exceptions reserved to such action by the court. The record has been on file in this court since February 28, 1950, but we have no brief for appellant.

We adopt the brief of our state's attorney, the Honorable George P. Blackburn, as the opinion of this court.

"APPELLANT'S REQUESTED CHARGE
NUMBER ONE

"This appears on page 13 of the transcript. The appellant requested the court to instruct the jury to find the appellant 'not guilty.' The court refused to grant this request, to which action of the court the appellant excepted.

"The exception to the court's refusal to grant this request may entitle the instrument to the rank of a bill of exception, but, as a bill of exception, it is wholly insufficient to present anything for review. The state of the evidence at the time the court refused this instruction is not reflected in the bill, and in order for the bill to be complete, the court would have to review the entire statement of facts and complete the bill for appellant. There is no statement of facts in the record, and therefore the Court cannot complete the bill for the appellant even if the Court were inclined to do so.

"Appellee therefore respectfully submits that, as a bill of exception, the refusal of this requested charge No. 1 amounts to exactly nothing.

"APPELLANT'S REQUESTED CHARGE
NUMBER TWO

"This appears on page 14 of the transcript. It is an exception to the refusal of the trial court to instruct the jury to find

defendant 'not guilty' of the charge contained in Count Three of the information.

"There being no statement of facts in the record, this instrument, as a bill of exception, is subject to all the vices and deficiencies heretofore mentioned in connection with appellant's requested charge No. 1, and presents nothing for review.

### "COURT'S REFUSAL TO DECLARE MISTRIAL

"Pages 19 and 20 of the transcript reflect that the appellant filed a motion asking the trial court to declare a mistrial after both sides had closed, and page 21 of the transcript discloses that the trial court overruled this motion, and that appellant excepted.

"There being no statement of facts in the record, and there being no bill of exception reciting the facts, it is impossible to know whether the grounds declared on as the basis for the motion to declare a mistrial in truth existed or did not exist.

"Appellant's specific complaint is that he was entitled to a mistrial on the alleged grounds that the State of Texas on the trial offered proof that appellant, on or about the 22nd day of April, 1949, was found in possesion of a pint of whisky upon search of his house without a search warrant; that thereafter the State abandoned Count No. 4 of the information, which charged appellant with the possesion of whisky for the purpose of sale on or about the 22nd day of April, 1949. Appellant contends that the introduction of such testimony in support of such Count No. 4 of the information and the subsequent abandonment or dismissal of Count No. 4 made it impossible for the appellant to have a fair trial.

"It is respectfully pointed out that Count No. 4 of the information specifically charged the appellant with the possession of whisky for the purpose of sale on or about the 22nd day of April, 1949, and that the introduction of the testimony was justified by the allegations of such count. The authorities cited by appellant to the trial court in his motion for mistrial do not support his position.

"It is respectfully submitted that, as a bill of exception the action of the trial court in refusing to declare a mistrial presents nothing for review.

### "APPELLANT'S OBJECTIONS TO COURT'S CHARGE

"The appellant presented certain objections to the court's

charge, which are reflected on pages 30 to 32, inclusive, of the transcript. These objections were overruled, to which action of the court appellant is shown to have excepted (Tr., p. 33).

"Appellee respectfully submits that these objections to the court's main charge do not present anything which calls for review. Appellee respectfully points out that appellant was being tried in the County Court on a misdemeanor charge, and these objections to the court's main charge were not accompanied with correct and proper charges on the subject matter.

"Wherefore, appellee says nothing is presented for review by this matter, even if it be treated as a bill of exception.

"IN CONCLUSION

"There being no statement of facts in the record, and there being no error shown by any bill of exception, appelee respectfully submits that the judgment of conviction rendered herein by the County Court of Hockley County should be affirmed, and so prays.

(Signed) "George P. Blackburn
"State's Attorney."

The judgment of the trial court is affirmed.