## EX PARTE LOUIS C. JOHNSTON

No. 29,472. March 5, 1958.
Relator's Motion for Rehearing Overruled
(Without Written Opinion) April 16, 1958.

*Harkness & Friedman,* by *Harry B. Friedman,* Texarkana, for petitioner.

*Will Wilson,* Attorney General of Texas, *B. H. Timmins, Jr.,* Assistant Attorney General, and *Leon Douglas,* State's Attorney, all of Austin, for the state.

BELCHER, Judge.

Relator, an inmate of the Texas Penitentiary, seeks his release by writ of habeas corpus. His application for such writ was presented to the Honorable Maxwell Welch, Judge of the Fifth Judicial District, Bowie County, Texas, and after a hearing, the writ was granted and made returnable before this court in accordance with Art. 119, Vernon's A.C.C.P., and relator was remanded to the custody of the sheriff pending final disposition thereof.

The record in the case shows:

Relator was convicted on December 9, 1949, upon his plea of guilty, in the Criminal District Court of Bexar County of two offenses of robbery and his punishment was assessed in each case at ten years in the penitentiary.

Relator began serving the two sentences for robbery on December 9, 1949. Thereafter and on February 6, 1952, the Gov-

ernor of Texas granted relator a conditional pardon. While he was at liberty under such clemency he was charged, tried and convicted in a Federal court of an offense committed after his release from the Texas Penitentiary. His federal sentence was for a term of five years which he began serving April 2, 1954, and completed and was released September 6, 1957. The Governor of Texas revoked relator's conditional pardon on June 24, 1954, a detainer was placed on him with the proper federal authorities by the State of Texas, and he has been in state custody since September 6, 1957.

Relator contends that his term of imprisonment on the two robbery sentences have been fully satisfied because his time continued to run from and after the date of his release on the conditional pardon. He further contends that if the sentences are not fully satisfied then he should receive credit on them since the date of the revocation of clemency, June 24, 1954, to the date of his transfer from federal to state custody, September 6, 1957.

In cases of this character our duty is to determine only whether relator's restraint and imprisonment is illegal. In Ex parte Neisler, 154 Texas Cr. Rep. 634, 69 S.W. 2d 422, this court said: "It is to be borne in mind that the sole ground upon which this court would have jurisdiction of the application for writ of habeas corpus was that it might determine whether or not relator was entitled to discharge at the present time. Having reached the conclusion that he was not illegally restrained of his liberty, this court would be out of its sphere in endeavoring to determine at what time and under what circumstances the relator would be entitled to discharge." See also, Ex parte King, 156 Texas Cr. Rep. 231, 240 S.W. 2d 777; Ex parte Herring, 160 Texas Cr. Rep. 357, 271 S.W. 2d 657: Ex parte Puckett, 161 Texas Cr. Rep. 51, 274 S.W. 2d 696. If we sustained both of appellant's contentions he would not be entitled to discharge under the two ten year sentences for robbery and his confinement would still be legal.

The application for writ of habeas corpus is denied.

Opinion approved by the Court.

WOODLEY, Judge, concurring.

While I am in full agreement with the opinion prepared by Judge Belcher, and approve it, there is merit in the contention that both the prisoner and the prison authorities are entitled

to have some court pass upon the issue of whether relator's sentence should be credited (1) with the time he was at large under the conditional pardon; (2) with the calendar time he was in the Federal Penitentiary after the conditional pardon was revoked; and (3) with the time credited to him on the Federal conviction, including in addition to calendar time, credits for good conduct, etc.

As stated in Judge Belcher's opinion, if all such time and credits should be allowed on the Texas sentence, relator would have further time to serve and is not therefore illegally restrained of his liberty. Under the authorities cited by Judge Belcher, this court's jurisdiction would not therefore be invoked and any holding this court might make other than to deny relator's prayer for release could be but dicta. In other words, a declaration as to what credits should be allowed on the sentence of a prisoner which, if allowed, would not entitle him to release, would be but a declaratory judgment.

Notwithstanding the rules stated, this court is not precluded from declaring for what it may be worth, that the prison authorities should consider a convict's sentence to have certain credits claimed by him in a habeas corpus proceeding.

The application for habeas corpus was granted by a district judge and, after hearing, was made returnable before this court under Art. 119 V.A.C.C.P.

As I understand the prior decisions of this court and the record made before the district judge, I express the view that the relator is not entitled to any of the credits claimed.

The sentence has been credited with time served prior to relator's release on conditional pardon. The conditional pardon granted and accepted was conditioned and provided that time relator was at large under it should not, in the event it was revoked, be credited or considered.

Relator violated the conditions of the clemency extended to him and was in the Federal penitentiary when his conditional pardon was revoked. Hence, neither the judge in the Federal court case nor the state court judge had opportunity to pass upon whether the state and Federal sentences should be cumulated.

The authorities dealing with cases where the trial judge in

the subsequent prosecution failed to cumulate the sentences are not applicable.

Under the holdings of this court in Ex parte Spears, 154 Texas Cr. Rep. 112, 235 S.W. 2d 917, wherein Ex parte Baird, 154 Texas Cr. Rep. 109, 225 S.W. 2d 845, was specifically overruled; Ex parte Drake, 151 Texas Cr. Rep. 17, 205 S.W. 2d 372; and Ex parte Jones, 152 Texas Cr. Rep. 346, 214 S.W. 2d 123, relator is not entitled to credit on his Texas sentence for the time he was required to serve on the Federal sentence before he could be returned to complete his Texas sentence.

A second habeas corpus proceeding styled Ex parte Baird, reported in 154 Texas Cr. Rep. 508, 228 S.W. 2d 511, is direct authority upon the third point. Under that authority a Texas prison inmate is not entitled to credits for commutation allowed on a Federal conviction even though the sentences run concurrently.

DAVIDSON, Judge, dissenting.

Relator was at liberty upon a conditional pardon issued by the Governor of this state when he was tried and convicted of a Federal offense in a Federal court and sentenced to a term in a Federal penitentiary for a term of five years.

Upon being advised of that fact, the governor of this state revoked the conditional pardon on June 24, 1954, and provided in the order of revocation the following:

"It is hereby ordered that Subject be returned to and confined in the Penitentiary to serve the sentence originally imposed upon him and hereinabove referred to or so much thereof as had not been served by him at the time of his release under the Proclamation hereinabove referred to, or any previous acts of clemency, and the prison authorities are hereby directed to keep him in charge to serve such sentence originally imposed upon him or so much thereof as had not been served by him at the time of his release under the terms of the Proclamation above referred to or any previous clemency, and the time during which Subject has been at large under said Proclamation or any previous clemencies shall not be considered or credited to Subject as time served on such sentence."

Relator was discharged as having fully satisfied his Federal sentence on September 6, 1957, and is now in custody to serve

the remainder of the sentence originally imposed by the Texas conviction.

The question is whether relator is entitled to credit upon his Texas sentence for the time served in the Federal penitentiary after the revocation of his conditional pardon.

I am of the opinion that he is so entitled, and that the following authorities support that conclusion: Art. 774, C.C.P.; Ex parte Lawson, 98 Texas Cr. Rep. 544, 266 S.W. 1101; Ex parte Whiteside, 141 Texas Cr. Rep. 642, 150 S.W. 2d 1022; Ex parte Herrod, 146 Texas Cr. Rep. 360, 175 S.W. 2d 87. In my opinion, the case of Ex parte Lawson is directly in point.

In the latter case, Lawson, a federal convict at the time serving his term in the federal prison, was brought before a Texas court and there tried and sentenced to the Texas penitentiary for a term of years for a violation of a Texas law. In passing sentence the Texas court made no reference to the Federal sentence but ordered Lawson to be confined in the state penitentiary.

Lawson was returned to the Federal penitentiary, where he completed serving the Federal sentence.

It was held that since the state sentence had not been made to run cumulative with the Federal sentence, Lawson was entitled upon his Texas sentence to the time served in the Federal penitentiary after the Texas sentence was pronounced against him.

Lawson was returned to the Federal penitentiary, where he completedserving the Federal sentence.

It was held that since the state sentence had not been made to run cumulative with the Federal sentence, Lawson was entitled upon his Texas sentence to the time served in the Federal penitentiary after the Texas sentence was pronounced against him.

The Lawson case has been differentiated in subsequent cases, but the holding there has not been disturbed and was approved by this court as late as Ex parte Spears, 154 Texas Cr. Rep. 112, 235 S.W. 2d 917.

The wording of the proclamation of the Governor of this

state in revoking the conditional pardon removes any question as to the applicability, here, of the rule announced in the Lawson case. There, the governor not only revoked the conditional pardon but, with full knowledge of the fact that relator was then a Federal convict serving a term in the Federal penitentiary, ordered him returned to and confined in the Texas penitentiary to serve the remainder of the Texas sentence.

Here, the order of the Governor put the Texas sentence into effect. So then, from and after that date the relator was serving two sentences, neither of which was made to run cumulative. Therefore, by the express provisions of Art. 774, C.C.P., they ran concurrently.

It is apparent, therefore, that from and after the revocation of the conditional pardon relator's Texas sentence was served at the same time he served the Federal sentence.

It will be remembered that the Governor of this state was not required to revoke the conditional pardon at the time he did, nor was he required to direct that the relator be required to begin serving the remainder of the Texas sentence.

The relator is entitled to credit on his Texas sentence for the time served in the Federal penitentiary after the conditional pardon had been revoked and the Texas sentence put into effect.

In the majority opinion my brethren refuse to pass upon appellant's contention. Their reason for so refusing is, they say, that the record does not reflect that he is entitled to his discharge and that to pass upon his contention in the absence of such a showing would be to write a declaratory judgment in his case.

Well I am not so sure about that! Relator accumulated a credit of four years for approximately two years and two months' actual time served in the Texas penitentiary, and he served the Federal sentence of five years in three years and five months —all of which reflects that relator received good conduct credits upon his Federal sentence, to which he would also be entitled upon his Texas sentence.

It is in all things reasonable to say that under this record relator is entitled to be discharged. At least he is entitled, under the circumstances, to have this court determine if he is en-

titled upon his Texas sentence for time served and earned while serving the Federal sentence.

I insist that under the circumstances presented we ought to accord to relator a determination of his contentions. We did so in the case of Ex parte Whiteside, 141 Texas Cr. Rep. 642, 150 S.W. 2d 1022. I fail to see any good reason why we should not accord this relator the same treatment.

Avoidance of useless litigation and a multiplicity of law suits is always to be desired.

Whether relator is or is not entitled to credit for the time served in the Federal penitentiary is now a matter of law and is fixed and determined and will not change by reason of any subsequent event or happening.

To my mind it is absolutely useless and nonsense to require relator to bring, within a few months, another lawsuit to have this court determine that which is presently and properly before this court and which will not be altered or changed in the meantime.

The useless litigation which my bretheren here require cannot be laid at the door of anyone save and except a majority of this court. I want no part of it.

We are dealing, here, with human liberty. Every day the relator is unlawfully and without authority kept in the penitentiary is a travesty not nly upon human rights but upon our claim of justice under law. If relator is entitled to be discharged from the penitentiary, as he contends, he is entitled to his liberty the very day the discharge is due. He ought not to be required to wait and remain and serve as a convict in the penitentiary while the courts, including this court, determine his legal rights — which question is now before this court for determination.

When this court finally determines that relator is entitled to credit for the time spent in the Federal penitentiary, as he contends, I wonder by whom or how or by what means relator is to be compensated and paid for the injury and damage done to him by his unlawful imprisonment while the courts determine that which they ought to now determine. I know of no way he can be so compensated.

This injury and unlawful imprisonment can be obviated if my brethren will now do that which they ought to do.

I respectfully dissent.