

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 23, 1963

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston 2, Texas

Opinion No. C-148

Re: Construction and Application
of Article 5118a, V.A.C.S.;
Providing for Credit for
Good Conduct for County Jail
Prisoners

Dear Sir:

By letter dated September 3, 1963, you have requested
an opinion of this office regarding the above matter, and
in connection therewith have presented the following three
questions:

"1.  Is the use of $4.50 a day a legal
basis for calculating time to be served on
fines, and amounts remaining to be paid in
cash?

"2.  Where a prisoner receives a 30 day
jail sentence and a $90.00 fine, after a
total of 30 days has been served in jail by
a prisoner, is not $45.00 the correct amount
of fine remaining to be paid?

"3.  Where a prisoner receives a penalty
of 30 days in jail, plus $150.00 fine, and
$27.00 costs, can the prisoner serve out his
sentence in full in 59 days?"

All questions assume that maximum commutation of time
for good conduct is to be granted.

The portion of Article 5118a relevant hereto is con-
tained in Section 1 thereof and reads as follows:

"In order to encourage county jail disci-
pline, a distinction may be made in the terms
of prisoners so as to extend to all such as
are orderly, industrious and obedient, com-
forts and privileges according to their
deserts; the reward to be bestowed on prison-
ers for good conduct shall consist of such
relaxation of strict county jail rules, and

-716-

extension of social privileges as may be consistent with proper discipline. Commutation of time for good conduct, industry and obedience may be granted the inmates of each county jail by the sheriff in charge. A deduction in time not to exceed one third (1/3) of the original sentence may be made from the term or terms of sentences when no charge of misconduct has been sustained against the prisoner. This Act shall be applicable regardless of whether the judgment of conviction is a fine or jail sentence or a combination of jail sentence and fine. A prisoner under two (2) or more cumulative sentences shall be allowed commutation as if they were all one sentence. For such sustained charge of misconduct in violation of any rule known to the prisoner (including escape or attempt to escape) any part or all of the commutation which shall have accrued in favor of the prisoner to the date of said misconduct may be forfeited and taken away by the sheriff. No other time allowance or credits in addition to the commutation of time for good conduct herein provided for may be deducted from the term or terms of sentences. The sheriff shall keep or cause to be kept a conduct record in card or ledger form and a calendar card on each inmate showing all forfeitures of commutation time and the reasons therefor."

This statute must be construed together with Article 793, V.C.C.P. reading as follows:

"When a defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine, if he is unable to pay the fine and costs adjudged against him, he may for such time as will satisfy the judgment be put to work in the workhouse, or on the county farm, or public improvements of the county, as provided in the succeeding article; or if there be no such workhouse, farm or improvements, he shall be imprisoned in jail for a sufficient length of time to discharge the full amount of fine and costs adjudged against him; rating such labor or imprisonment at Three ($3.00) Dollars for each day or fraction of a day that he has

served and he shall only be required to pay
the balance of the pecuniary fine assessed
against him."

Article 6184l, from which Section 1 of Article 5118a
was copied, and which, except for different methods of com-
puting credit for good behavior, reads exactly as Article
5118a, was construed by the Court of Criminal Appeals in Ex
parte Anderson, 192 S.W.2d 280. The Court held this statute
to be constitutional, and stated the only limitation of the
power of commutation to be that such must be earned by the
convict by his own conduct and may not be extended to him as
a matter of grace.

This holding was followed by the Court in Ex parte
Baird, 228 S.W.2d 511, in which the Court also held that a
sentence of imprisonment must actually be served in the
manner prescribed by the judgment of conviction and the
sentence might not be satisfied by constructive means, such
as service in the Federal Penitentiary.

In Ex parte Stephens, 127 S.W. 819, it was held that
a sentence of imprisonment must be served separately from
another portion of the same sentence providing for a fine.
Thus, in case of a sentence providing for both fine and
imprisonment, the two may not be lumped together so as to
allow a prisoner to serve less than the term of imprison-
ment less his credit for good behavior.

From these authorities your questions may be answered
as follows:

1. The legal basis for calculating time to be served
on fines is, of course, $3.00 per day for each day served.
Assuming good conduct, the prisoner is entitled to a de-
duction, after the commutation time has been earned, of an
additional $1.50 per day to be deducted from his original
fine. This method allows exactly one-third of the original
sentence to be deducted. The basis would be, for sentences
of imprisonment, a one-half day deduction for each day of
good conduct.

2. This question is answered in the affirmative.

3. That portion of your third question relating to
court costs is answered in our Opinion C-144 mailed to you
on September 19, 1963. Where a prisoner receives a penalty
of 30 days in jail, plus a $150.00 fine and $27.00 court

costs, the prisoner can serve out his sentence in 59-1/3 days, provided he is awarded a 1/3 deduction for good conduct.

## SUMMARY

1.   The prisoner is allowed $3.00 per day for each day served together with $1.50 per day to be deducted from his original fine for good conduct, after it has been earned.

2.   Where a prisoner receives a 30 day jail sentence and a $90.00 fine, after serving 30 days in jail and being awarded a 1/3 deduction for good conduct, $45.00 is the correct amount of fine remaining to be paid.

3.   Where a prisoner receives a penalty of 30 days in jail, plus $150.00 fine and $27.00 court costs, the prisoner can serve out his sentence in 59-1/3 days, provided he is awarded a 1/3 deduction for good conduct.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

BY: Charles B. Swanner
Assistant Attorney General

CBS:br

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Ben Harrison
Edward R. Moffett
Polk Shelton
Scott Garrison

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone