Oct. 3, }
1905. }

## PETITION OF HENRY E. MŒBUS.

An escaped convict is not entitled to a trial after recapture, except upon the issue of his identity; and his refusal to litigate this question when opportunity is afforded him is an admission that he is the person the state alleges him to be.

A sentence of a convict to the state prison is satisfied only by his actual imprisonment for the term imposed.

PETITION, for a writ of *habeas corpus*, filed September 21, 1905. The petitioner alleges, in substance, that he was brought into this jurisdiction from the state of New York, of which he is a resident, upon a requisition issued by the governor of this state, and was committed to the state prison, where he has been held as a convict since November 8, 1900; that he was committed without due formality of law and is illegally detained; and that he has not been informed " by a competent court " why he is thus deprived of his liberty. The prayer is that the warden of the state prison may be ordered to bring the petitioner before the court, for the purpose of examining the question whether he was lawfully entitled to a hearing before a competent court within this state prior to his commitment to prison, and that the petitioner may be liberated if the court should find that he was so entitled.

The state claimed that the petitioner is Mark Shinborn, who was committed to the state prison in 1865 for a term of ten years and escaped after serving a few months of the sentence. The petitioner denied that he is Shinborn, but expressly declined to try the question of his identity, and based his right to a discharge upon grounds considered in the opinion.

*Henry E. Mœbus, pro se*, filed a brief:

*Edwin G. Eastman*, attorney-general, for the state.

PARSONS, C. J. The petitioner is now confined in the state prison under a decree of the court sentencing one Mark Shinborn to ten years' imprisonment. If the petitioner is Mœbus and not Shinborn, he is illegally confined and is entitled to be discharged. Unless the question of identity has been determined against him by some court with jurisdiction of the question, in a proceeding to which he and the state were parties, so that he is estopped by legal adjudication to now contend that he is not Shinborn, the petitioner is entitled to process which will enable him to try that

question, and to a discharge if the fact be found in his favor. But the petitioner expressly states that he does not desire to try this question, and asserts his purpose to withdraw his petition if the court permit such trial. In this situation, the state asserting that the petitioner is Shinborn and the petitioner refusing to join issue on that assertion, it must be taken for the purposes of the case that the petitioner is Shinborn. Whether this court has original jurisdiction to entertain a petition for a writ of *habeas corpus* (P. S., c. 239, ss. 3, 18; Laws 1901, c. 78, ss. 2, 5, 7) is a question of grave doubt, and one which we are not inclined to pass upon except when necessarily raised and fully argued. If the application were made to the superior court, the two legal questions which the petitioner presents might be readily raised and transferred.

It also appears by the petitioner's brief that application has at some time been made to the superior court, and a ruling had upon one at least of the questions now sought to be presented. Failure to except to such ruling would, under the rules, prevent the petitioner from raising the question here, but the rule may be waived when justice requires; and to send the petitioner to the superior court merely for the purpose of presenting the questions in a formal manner is not usually considered necessary when the questions are so presented that they can be fairly considered. *Hutchinson* v. *Railway, ante, pp.* 271, 277. This court has jurisdiction to determine the legal questions raised. The manner of their presentation is one of form merely. If these questions are determined favorably to the petitioner, the question of jurisdiction to issue the writ will be presented. But the answer to these questions renders it unnecessary to consider whether this court should itself issue the writ, or send the petitioner to the superior court.

The petitioner claims that his present detention is illegal because after he was brought into this state, upon the claim that he was an escaped convict under sentence to the state prison, he was not tried upon the issue whether he was the convict the state alleged him to be. If the petitioner was Shinborn, an escaped convict, when brought within this state, there was no occasion for the trial of any question between him and the state, and no question to try unless the state desired to, and could, inflict further punishment for the escape. P. S., c. 285, s. 13; *Ib.*, c. 253, s. 14. The failure of the state to prosecute a person for a crime admittedly committed by him gives him no ground of complaint.

Being under sentence for felony and unlawfully at large, Shinborn could lawfully be arrested and returned to imprisonment, even by a private person, without warrant. *State* v. *Holmes*, 48 N. H. 377. The foundation of the petitioner's claim to a trial

before his committal to prison rests upon the contention that he is not Shinborn. If he is Shinborn, no wrong has been done him. If he is not Shinborn, he was illegally committed and is illegally confined. He may be entitled now to a trial of that question if none has been had. As he declines to ask for such trial, and refuses to contest the issue if raised by the state, no ground of error appears. As heretofore said, his refusal to litigate the question of his identity is an admission that he is Shinborn, and it follows that he is legally confined in the state prison unless his term of imprisonment has expired. This is the second point made by the petitioner.

In 1865, Shinborn was sentenced to imprisonment for ten years in state prison. After a few months he escaped, but was recaptured in 1900 and has since been confined in prison. He has, therefore, been imprisoned about five years, whereas the term of imprisonment which the sentence of the court imposed upon him was twice that which he has served. "The sentence of the law is to be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or by some legal authority. The punishment is imprisonment, the period of which is expressed only by the designated length of time. Neither the date of its commencement, nor of its expiration, is fixed by the terms of the sentence." *Dolan's Case*, 101 Mass. 219, 222; *In re Edwards*, 43 N. J. Law 555; *Sartain v. State*, 10 Tex. App. 651,—38 Am. Rep. 649, and note 653; 11 Am. & Eng. Enc. Law (2d ed.) 313. The judgment of the court was that Shinborn should be confined in the state prison for the term of ten years. It does not appear that the time when the imprisonment should commence or the date when it should end were stated in the order under which the execution of the sentence began. If either was, the order was no part of the sentence. *Howard, ex parte*, 17 N. H. 545. The warden of the prison can lawfully keep Shinborn until the judgment of the court that he be there imprisoned ten years has been performed.

Upon neither of the grounds urged by the petitioner can his discharge be justified. It appears by the petition and papers filed therewith that the petitioner has not been deprived of an opportunity to litigate the question of identity, upon which the rightfulness of his imprisonment depends, but that he refused to proceed to such a trial when opportunity therefor was afforded him by the superior court. No occasion appears for the exercise of any supervisory power of this court. It also appears that the petitioner's application to the federal court had the same result. If, for reasons satisfactory to himself, the petitioner, while contending that he is not Shinborn but Mœbus, persists in refusing to

submit the question to some tribunal with jurisdiction to decide it, he must submit to confinement as Shinborn.

*Petition denied.*

All concurred.