EX PARTE PETE BAIRD.

No. 24691. January 11, 1950.
(Overruled Exparte Spears, (Page 112 of this volume).

*John Mathis,* Houston, for relator.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is an original application to this court for the writ of habeas corpus, in which relator seeks his discharge from the penitentiary.

Relator was, on the 20th day of May, 1942, received into the penitentiary of this state to serve a term of ten years' imprisonment. Shortly thereafter, he was, upon a bench warrant, removed to the jail at George West, Texas, from which

he effected his escape. He was soon thereafter arrested, and placed in the Bexar County jail.

When, where, or how he got into the custody of the federal authorities does not appear; he was not then returned to the penitentiary of this state.

On July 30, 1943, relator was convicted in the United States District Court for the Western District of Texas for federal offenses alleged to have been committed in 1941 and was sentenced to serve ten years in a federal prison.

On September 12, 1949, relator was conditionally released from the federal prison and delivered to the sheriff of Bowie County, Texas, and returned to the penitentiary of this state, where he is now confined and serving the sentence imposed by the court of this state by reason of which he was originally confined.

The penitentiary authorities of this state allow relator no credit upon his sentence for the time he served in the federal prison but treat him as being "on escape and out of custody 7 years, 2 months and 26 days."

The federal court, in passing sentence upon relator, made no reference to his state conviction, nor was the federal sentence cumulated with the state sentence.

It is relator's contention that, under the facts stated, the two sentences ran concurrently and that he is entitled to be credited upon his state sentence for the time served under the federal sentence and that with such time so credited he has, under the commutation law of this state (Art. 6184-1., Vernon's Revised Civil Statutes) fully served the state sentence and is now entitled to be discharged from further restraint thereunder.

Under the provisions of Art. 774, C. C. P. it has been the consistent holding of this court that where one is convicted in two or more cases the sentences run concurrently, unless the trial court orders that the sentences run cumulative. Ex Parte Whiteside, 141 Tex. Cr. R. 642, 150 S. W. 2d 1022; Ex Parte Davis, 71 Tex. Cr. R. 538, 160 S. W. 459.

The rule has been recognized as applicable where the convictions are in federal and state courts. Ex Parte Lawson, 98

Tex. Cr. R. 544, 266 S. W. 1101; 24 C. J. S., Criminal Law, sec. 1996, p. 1241.

The case of Ex Parte Lawson, supra, appears to be in point, and here controlling.

In that case, Lawson was convicted of a federal offense and sentenced to serve a term in the federal penitentiary. While serving that sentence he was brought before a state court and convicted of an offense against the laws of this state and sentenced to a term in the state penitentiary. Instead of being taken to the state penitentiary to serve the state sentence, Lawson was re-delivered to the federal authorities and by them confined in the federal penitentiary for a period of one year, after which he was released. Lawson was subsequently incarcerated in the state penitentiary to serve the state sentence. The question before the court was whether, under the circumstances, Lawson was entitled to be credited for the time served in the federal penitentiary upon his state sentence. The conclusion reached was that, inasmuch as there was no order cumulating the two sentences, the time served in the federal penitentiary was to be credited upon the state sentence.

The holding in the Lawson case was approved in Ex Parte Newton, 105 Tex. Cr. R. 53, 284 S. W. 953; Ex Parte Whiteside, supra; and Ex parte Herrod, 146 Tex. Cr. R. 360, 175 S. W. 2d 87.

Under the authorities cited, the conclusion is here reached that the writ of habeas corpus and the relief prayed for should be and is granted.

Accordingly, the penitentiary authorities are directed to credit relator, upon the state sentence, with the time he actually served in federal prison upon the federal sentence, as though served by him in the penitentiary of this state, and if, after so crediting him with the time served, it shall appear that he has under the laws of this state served the sentence imposed, to discharge him from further custody or restraint thereunder.