## EX PARTE PETE BAIRD.

No. 24773. March 29, 1950.
Relator's Motion for Rehearing Denied (Without Written
Opinion) April 19, 1950.

*Letts and Mathis,* Houston, for relator.

*Price Daniel,* Attorney General of Texas, *Willis E. Gresham,* Assistant Attorney General, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Relator, here, was the relator in Ex Parte Baird, 154 Texas Crim. Rep. 109, 225 S. W. 2d 845. This case grows out of and must be considered in connection with the facts stated and the conclusion expressed in that case, wherein we held:

"Accordingly, the penitentiary authorities are directed to credit relator, upon the state sentence, with the time actually served in federal prison upon the federal sentence, as though served by him in the penitentiary of this State, and if, after so crediting him with the time served, it shall appear that he has under the laws of this State served the sentence imposed, to discharge him from further custody or restraint thereunder."

The mandate of this court was duly issued and directed to the penitentiary authorities in accordance with the order above mentioned.

Upon receipt of the mandate, the penitentiary authorities, respondents here, immediately credited relator with six (6) years, one (1) month, and thirteen (13) days upon the ten (10) year state sentence he was then serving, which was the period of time relator had actually served in the federal prison. In addition to the time mentioned, respondents credited relator with two (2) months and three (3) days, which was the commutation time relator had earned for good conduct while a prisoner in the state penitentiary before his escape therefrom. Respondents have, therefore, credited relator upon his ten (10) year sentence a total of six (6) years, three (3) months, and sixteen (16) days, as of the date he re-entered the Texas Penitentiary after release from the federal prison.

Relator contends that he is entitled to commutation for good conduct computed upon the time served in the federal prison and, in connection with that contention, shows that he was guilty of no misconduct as a federal prisoner and was by the federal authorities accorded and given commutation time for good conduct.

Respondents refused to allow the credit for commutation, as contended by the relator, insisting that credit for commutation time for good conduct under our commutation statute (Art. 6184-1, Vernon's R. C. S.) applies only to prisoners actually confined in the penitentiary of this state.

It is conceded that if relator is entitled to commutation time, as claimed by him, he is entitled to be discharged; otherwise, not.

In keeping with his contention that he is entitled to be discharged because of earned commutation time, he presented his application for the writ of habeas corpus to the Honorable Max Rogers, Judge of the District Court of Walker County, who, after having developed the facts, has certified the record to this court, in accordance with the provisions of Art. 119, C. C. P.

Commutation time for good conduct, as extended by the statute law of this state, must be earned by the convict by his good conduct, industry, and obedience. Ex Parte Anderson, 149 Tex. Cr. R. 139, 192 S. W. 2d 280. Commutation time being

extended by statute, the provisions of the statute must be complied with in order to obtain the benefits accorded thereby.

. The reason for extending commutation, as expressed in the statute (Art. 6184l, Vernon's R. C. S.) is "to encourage prison discipline," which, of necessity, means discipline in the prison where the convict is confined. A reasonable construction to be placed upon the commutation statute, therefore, is that the benefits extended thereby are to prisoners actually confined in the penitentiary of this state and not to prisoners in the constructive custody of the penitentiary of this state, but actually confined in federal prison.

From what has been said, it follows that the respondents were within their legal rights in refusing to allow relator credit for commutation time upon the basis of his federal imprisonment.

The relief prayed for is denied.

Opinion approved by the court.