## EX PARTE ROBERT T. SPEARS.

No. 25075. October 11, 1950.
Rehearing Denied January 31, 1951.
Second Motion for Rehearing Denied March 14, 1951.

*Rufus N. McKnight,* Dallas, for relator.

*George W. Blackburn,* State's Attorney, Austin, for the state.

ON APPLICATION FOR WRIT OF HABEAS CORPUS.

DAVIDSON, Judge.

Relator seeks his discharge from the penitentiary upon the authority of Ex Parte Baird, (Page 109 of this volume), 228 S. W. 2d 511.

The record before us does not affirmatively reflect that, giving relator credit upon his state sentence for the time actually served in the federal penitentiary, he has served the state sentence, as contended by him.

It is apparent, therefore, that relator is not shown to be entitled to his discharge from the penitentiary.

The application for the writ of habeas corpus is refused, without prejudice, however, to the right of relator to again

seek his discharge from the penitentiary when, by crediting him with the time actually served in the federal penitentiary, he has fully served the state sentence and the penitentiary authorities refuse his discharge.

Opinion approved by the court.

ON RELATOR'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Within the proper time after the rendition of the foregoing opinion, relator filed a motion for rehearing. In this he agreed with the holding that he should receive credit for the time served in the Federal penitentiary, but makes the contention that applying the doctrine in Ex Parte Baird, (Page 109 of this volume), 225 S. W. 2d 845, and giving him credit for good time earned, he is now entitled to discharge.

The holding of this court in Ex Parte Baird has given us much concern and we have, after careful consideration, reached the conclusion that we were in error in our holding that Baird was entitled to have his Texas sentence run concurrently with the sentence in the Federal penitentiary. In so holding we were misled by our understanding of the facts behind Ex Parte Lawson, 266 S. W. 1101. The reasoning in the Lawson case was sound and is still adhered to. The distinction between the two cases is made clear by a statement of the facts. Lawson had his Federal conviction and sentence against him at the time he was tried in the state court. It was the duty of the state court, at that time, to take cognizance of the federal conviction and he is presumed to have done so. When he failed to cumulate the state sentence with the Federal sentence and then returned him to the Federal authorities, it will naturally follow that the judge intended that the state sentence should run concurrently with the Federal sentence. That is the holding of this court in the Lawson case. If the judge had entered a proper order, at that time, cumulating the sentence imposed against Lawson with that already existing Federal court he would then have been required to serve the full sentence in the state court after his discharge from the Federal Penitentiary.

The Baird case is different and we should have so construed it. Baird had a ten year sentence which he began serving on the 20th day of May, 1942. He was taken from the penitentiary on a bench warrant to George West, Texas, from which he escaped. He was arrested and placed in the Bexar County Jail.

He became, by processes not revealed in his record, a Federal prisoner and was convicted on July 30, 1943, to serve ten years in the Federal prison. On September 12, 1949, he was released conditionally from the Federal prison and delivered to the Texas authorities, who declined to give him any credit for the 7 years, 2 months and 26 days during which he had been listed as an escapee of the Texas penitentiary and was in Federal prison.

It is noted in this court's opinion that the Federal judge, in passing sentence, made no reference to his state conviction. He could have made an order cumulating the Federal sentence, delivered him to the Texas authorities until he had served his sentence in this state, and then committed him to the Federal prison. He did not do that, but sent him direct to the Federal penitentiary. No order which the Federal court made, or could have made, would have any effect on an existing sentence from a Texas court. Furthermore, we may observe that even if Baird had been tried on another charge in a state court, that court could make no order which would affect the existing sentence which he was serving. The trial judge in passing senon one already under sentence in another court may, by proper order, cumulate the sentence which he imposes with the existing one, or he may let his sentence run concurrently, but nothing he may do can affect the existing sentence imposed by another court. This, it seems, should be without dispute.

Whether or not the state court could or should have demanded possession of the prisoner Baird, after he was convicted and ordered confined in the Federal prison, is not before us and need not concern us. The state did not get possession of him and there is no record showing whether or not Baird made any attempt, at that time, to have himself returned to the state penitentiary. It is sufficient to say that the judgment which the Federal court entered had no effect whatsoever on an existing state judgment imposing sentence on Baird and we were in error in so holding. It becomes appropriate, in disposing of the question now before us, to say that our holding in the Baird case is overruled and so are each and every case in which this court has followed the Baird case.

The original opinion in this case is modified in so far as it approves the holding of the Baird case as giving relief to the relator Robert T. Spears. That part of the opinion which denies the application is sustained.

Relator's motion for rehearing is overruled and relator is now remanded to the authorities of the state penitentiary to serve the sentence imposed upon him which gives rise to this procedure, and will do so without any credit for the time which he has served in the Federal penitentiary.

ON RELATOR'S SECOND MOTION FOR REHEARING.

MORRISON, Judge.

The two opinions heretofore rendered in this cause failed to set forth the facts fully. This we now do for guidance of the bench, the bar and penitentiary authorities and especially since the effect of this holding is to overrule one or more decisions of this court.

Relator Spears was on June 4, 1943, in Cause No. 1091 in the District Court of Gray County, Texas, convicted of the offence of felony theft and sentenced to a term of from two to ten years in the state penitentiary. No appeal was perfected, and relator began serving this sentence. On July 4, 1945, relator was released from the Texas Prison System on a six-months reprieve to Gray County by virtue of Executive Proclamation No. 37-9660. When relator did not return to the Texas Prison System at the expiration of this six-months period, he became a fugitive.

Apparently during the term of said reprieve relator was arrested by the Federal authorities in the State of Oklahoma because on January 25, 1946, just twenty-one days after the reprieve expired, he was convicted in the Federal District Court for the Western District of that state for a Federal offense and sentenced to give years in the Federal Penal System. No mention was made of the existing Gray County sentence by the Federal Court in pronouncing sentence. No appeal was perfected from this sentence, and relator began service thereunder.

On June 14, 1949, relator, having served his Federal sentence, was released to the authorities to the Texas Prison System where he is now incarcerated. He brings this writ of habeas corpus claiming credit on the Gray County sentence for the time spent in the Federal Prison System.

Relator contends that the opinion of this Court on motion for rehearing not only overruled the holding in the Baird case. Ex parte Baird, (page 109 of this volume), 225 S. W. 2d 845,

which was expressly done by said opinion, but also the holding of this court in Ex parte Newton, 105 Tex. Cr. Rep. 93, 284 S. W. 953. If that opinion can be construed as supporting the doctrine in the Baird case, it is also overruled.

Relator's second motion for rehearing is overruled.