**Raymond Leonard REESE, Appellant,**

v.

**C. H. LOONEY, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 5762.**

United States Court of Appeals
Tenth Circuit.

Feb. 4, 1958.

Robert Feiring, Kansas City, Kan. (Raymond Leonard Reese submitted a brief per se), for appellant.

E. Edward Johnson, Asst. U. S. Atty., Topeka, Kan. (William C. Farmer, U. S. Atty., Topeka, Kan., Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan., were with him on the brief), for appellee.

Before BRATTON, Chief Judge, PICKETT, Circuit Judge, and RICE, District Judge.

PICKETT, Circuit Judge.

This habeas corpus proceeding raises the question of whether a Court Martial sentence runs concurrently with two civil court sentences which were imposed after the petitioner had escaped from the military authorities while awaiting transfer to the Attorney General of the United States for the purpose of serving a four year military sentence in a United States penal institution.[1] The trial court held that the sentences did not run concurrently, vacated the writ of habeas corpus, and dismissed the petition.

The facts are not in dispute. On July 7, 1954 the petitioner, a soldier in the United States Army, was sentenced by General Court Martial to serve a sentence of four years. A civil penal institution was designated as the place of confinement under the authority of Title 50 U.S.C.A. § 639 (Now Title 10 U.S.C.A. § 858). Under Article 57 of the Uniform Code of Military Justice, a military sentence runs from the date that sentence is imposed by the Court Martial. (Title 10 U.S.C.A. § 857).

Prior to delivery under the military sentence to the civil authorities, the petitioner escaped. Shortly thereafter he was taken into custody by Federal authorities for violation of a United States Statute, and, upon conviction for this violation, was sentenced by the United States District Court for the District of Kansas to imprisonment for a term of two years. While serving this sentence in the Federal Reformatory at El Reno, Oklahoma, the petitioner was convicted of the offense of assaulting a Federal officer and was sentenced by the United States District Court for the Western District of Oklahoma to serve a term of one year and one day, which sentence was to run consecutively with the two year sentence. No mention of the Court Martial sentence was made in either of the Federal Court sentences.[2]

Following the last sentence, petitioner was removed from the El Reno institution to the United States Penitentiary at Leavenworth, Kansas, for the purpose of serving the two Federal Court sentences. Prior to the completion of the service of the Federal Court sentences, the prison authorities aggregated all three sentences in determining petitioner's release date. We think this was proper.

Clearly the petitioner was imprisoned at El Reno, Oklahoma, and later at Leavenworth, Kansas, for service of the Federal Court sentences. The Federal Courts had no control whatsoever over the military sentence. The original sentence by the Court Martial was interrupted by escape. The interruption could not be terminated until the petitioner was actually serving the military sentence. The fact that he was permitted to serve all sentences in one institution was immaterial. The rule that unless a judgment and sentence specifically states that it shall run consecutively with other sentences, it shall be served concurrently, has no application.[3]

---

**1.** In his brief the petitioner states: "Reduced to the simplest proposition, the question to be decided here is whether it is lawful under the United States Code for the Warden to aggregate a Military and two civil sentences into one cumulative" sentence.

**2.** The record does not disclose that the sentencing court in Kansas or Oklahoma knew of the military sentence or of the petitioner's escape.

**3.** Mills v. Hunter, 10 Cir., 204 F.2d 468, and cases cited; Annotation, 18 A.L.R. 2d 511.

■ The petitioner's situation is not unlike that of a paroled prisoner who commits an offense and is sentenced therefor during the period of parole. In such cases the imprisonment under the original sentence is interrupted and suspended, and the subsequent imprisonment is attributable to the second sentence until it has been served.[4] After the escape, the petitioner was no longer in actual or constructive custody under the first sentence, and may be required to complete the military sentence which he was serving at the time of his escape after the service of the later sentence.[5] Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399; Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247; Evans v. Hunter, 10 Cir., 162 F.2d 800, certiorari denied 332 U.S. 818, 68 S.Ct. 144, 92 L. Ed. 395; Aderhold v. Murphy, 10 Cir., 103 F.2d 492; Aderhold v. Ashlock, 10 Cir., 99 F.2d 67; Ex parte Spears, 154 Tex.Cr. 112, 235 S.W.2d 917, 236 S.W.2d 968, 18 A.L.R.2d 507.

In Anderson v. Corall [263 U.S. 193, 44 S.Ct. 44], the court said: "Mere lapse of time without imprisonment or other restraint contemplated by law does not constitute service of sentence. Escape from prison interrupts service, and the time elapsing between escape and retaking will not be taken into account or allowed as a part of the term." Until the petitioner had served the two civil court sentences, he could not be considered as having been retaken for the purpose of serving the military sentence, as service of that sentence remained interrupted and suspended.

Affirmed.

4. In White v. Pearlman, 10 Cir., 42 F.2d 788, 789, it was said: " * * * Nor can there be any doubt that an escaped prisoner cannot be credited with the time he is at large. Dolan's Case, 101 Mass. 219; Petition of Moebus, 73 N.H. 350, 62 A. 170. A prisoner on parole, who violates the conditions of the parole, is in legal effect an escape, and is not entitled to deduction for the time he was on parole. Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247; Drinkall v. Spiegel, 68 Conn. 441, 36 A. 830, 36 L.R.A. 486."

5. Had the petitioner been delivered to the civil authorities while serving his military sentence, the delivery would have been held to be an interruption of the military sentence, and upon request, it would be necessary for him to be returned for completion of that sentence. Article 14, Uniform Code of Military Justice; Title 50 U.S.C.A. § 568. (Now Title 10 U.S.C.A. § 814).