

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 16, 1960

Mr. O. B. Ellis, Director
Department of Corrections
Huntsville, Texas

Opinion No. WW-903

Re: Whether time on a state
sentence, after a condi-
tional pardon revocation,
begins to run again when
prisoner is taken in custody
by a county sheriff, but then
is delivered to Federal au-
thorities, tried, convicted,
and sent to Federal Prison.

Dear Mr. Ellis:

Your request for an opinion has been received and carefully considered by this Department. We quote your letter, in part, as follows:

"Raymond Carl Brown was convicted of robbery in Dallas County, Texas, on December 20, 1950, and received a 20-year sentence to begin December 27, 1949. He was received at Huntsville on January 25, 1951. On February 13, 1952, by official proclamation, his sentence was reduced to 10 years. On August 18, 1952, he was granted a conditional pardon and was released from the Texas Department of Corrections on August 23, 1952. At that time he had served 2 years, 7 months and 26 days and was entitled to commutation time of 1 year, 7 months and 8 days making the total credit 4 years, 4 months and 4 days. On September 2, 1954, his conditional pardon was revoked. At that time he was in the custody of the Sheriff of Williamson County, Texas. We advised the Sheriff that he was wanted as a conditional pardon viola-tor on September 2, 1954. Before we could send for the prisoner the Sheriff of Williamson County turned him over to a Texas Ranger who in turn delivered the prisoner to the Federal authorities at Austin. Sub-sequently Brown was convicted in the Federal courts and given a sentence, the exact terms of which we are not advised, and is presently serving time at Leavenworth, Kansas. We respectfully request your opinion on the following:

"First: Brown was in the custody of the Williamson County Sheriff at the time his conditional pardon was revoked on September 2, 1954. Did time under his state sentence begin running again on September 2, 1954,

even though he was delivered into the hands of the Federal authorities on September 13, 1954, was subsequently convicted in the Federal courts and is presently serving time in a Federal prison?

"Second:  If Brown is given credit on a calendar basis for time served since September 2, 1954, he will have completed his state sentence on May 28, 1960.  Brown served "continuously" for 2 years, 7 months and 26 days before he was released on a conditional pardon. At that time Brown was paid the $5.00 and transportation to Dallas as required by law.  If Brown is entitled to credit on his sentence from September 2, 1954, to May 28, 1960, he will have served "continuously" for the additional time of 5 years, 11 months and 26 days.  Since the sentence was not served "continuously" but was interrupted by a conditional pardon and a violation of that pardon, is Brown entitled to pay under Article 6166z1, as amended, and, if so, in what amount?

In answering your first question, we are of the opinion that time under the state sentence of Raymond Carl Brown began running again on September 2, 1954, when in custody of the Sheriff of Williamson County, and continued to run until September 13, 1954, when he was delivered to the Federal authorities in Austin. It is also our opinion that his time under the state sentence ceased to run on September 13, 1954, and does not begin again during his period of incarceration in Federal Prison.

In Texas a term of imprisonment dates from the time sentence is pronounced. In most jurisdictions, including Texas, a convict is credited with all time spent in jail in connection with the offense for which he has been sentenced.  The fact that the state penal authorities did not send for the prisoner during the period from September 2, 1954, to September 13, 1954, should not prohibit this time from being counted on his state sentence.  "The least to which a prisoner is entitled is the execution of the sentence of the court to whose judgment he is duly subject." Smith v. Swope, Warden, 91 Fed. 2d 260.

It is our opinion, however, that Brown should not be given credit on his state sentence for the time presently being served in Federal Prison.  The weight of authority in Texas upholding this contention is embodied in five cases.

In the case of Ex parte Spears, 235 S.W.2d 917, the Court of Criminal Appeals, speaking through Judge Beauchamp, overruled an earlier decision in the case of Ex parte Baird, 154 Tex.Cr.R. 109, 225 S.W.2d 845.  In the Spears case, Spears had been under state sentence and released on six months reprieve, which expired.  Before the State could get him back, Spears was convicted in Federal Court and served a Federal sentence.  It was held there that no credit should be given on the state sentence for the federal time served.

In expressly overruling the Baird case, the court stated in part:

"It is noted in this Court's opinion that the Federal Judge in passing sentence, made no reference to his state conviction. He could have made an order cumulating the Federal sentence, delivered him to the Texas authorities until he had served his sentence in this state, and then committed him to Federal Prison. He did not do that, but sent him direct to the Federal Penitentiary. No order which the Federal Court made, or could have made, would have any effect on an existing sentence from a Texas Court. (Emphasis added)  Furthermore, we may observe that even if Baird had been tried on another charge in a State court, that court could make no order which would affect the existing sentence which he was serving.  The trial judge in passing sentence on one already under sentence in another court may, by proper order, cumulate the sentence which he imposes with the existing one, or he may let his sentence run concurrently, but nothing he may do can affect the existing sentence imposed by another court. This, it seems, should be without dispute. . . . It is sufficient to say that the judgment which the Federal Court entered had no affect whatsoever on an existing State judgment imposing sentence on Baird and we were in error in so holding.  It becomes appropriate, in disposing of the question now before us, to say that our holding in the Baird case is overruled and so are each and every case in which the Court has followed the Baird case."

In the case of Ex parte Sanderson, 153 Tex.Cr.R. 226, 212 S.W.2d 639, the Court of Criminal Appeals ruled that no credit should be given on a state sentence for federal time served after revocation of a conditional pardon.  The Defendant was convicted of a federal offense while on conditional pardon from a state conviction.

In Ex parte House, 276 S.W.2d 846, a 1955 case before the Court of Criminal Appeals, a suspended state sentence was revoked and Defendant was given a two-year sentence in the federal penitentiary after conviction of a federal felony.  While serving the two-year federal sentence Defendant was given an additional five-year federal sentence.  The court, through Commissioner Dice, held that the Defendant was not entitled to credit on the three-year state sentence for the time he served in the federal penitentiary in discharge of the five-year sentence assessed after the suspended sentence had been revoked by the state court.  This should answer any contention that the matter of whether the revocation comes before or after the federal conviction is a critical one.  In the House case, the court state in part:

"It is the rule in this state that a prisoner who, after conviction and while serving a sentence in the penitentiary, is convicted of a federal offense and serves the sentence imposed on him, is not entitled to credit on the State sentence for the time served in the federal prison in discharge of the federal sentence.  The same rule has been applied to the time

serveld under a conviction in a federal court during the time a state prisoner's conditional pardon has been revoked." [citing the Sanderson case] (Emphasis added)

In Ex parte Cox, 187 S.W.2d 985, the Court of Criminal Appeals held that the rule as to concurrent sentences had no application there and the time served in the federal penitentiary was not credited on a prior state sentence.  The prisoner, after affirmance of state convictions and sentences, was thereafter sentenced to federal prison.  Upon his release from the federal penitentiary, the court held that he was properly delivered into the custody of the sheriff and delivered to the State penitentiary to serve his state sentence.  The court distinguished the case of Ex parte Lawson, 98 Tex.Cr.R. 544, 266 S.W. 1101, a Court of Criminal Appeals case.  There the defendant was convicted of the federal charge first, and was serving the federal sentence when convicted in the state court.  In that case, the court held that the general rule applied and the sentences ran concurrently since the state court, with knowledge of the federal sentence, did not make the state sentences cumulative of that in the Federal case.

The very recent case of Ex parte Johnson, 311 S.W.2d 861, affirms this position.  Although not required to pass on this precise point for its decision there, Judge Woodley of the Texas Court of Criminal Appeals stated in part in a concurring opinion:

"As stated in Judge Belcher's opinion, if all such time and credits should be allowed on the Texas sentence, relator would have further time to serve and is not therefore illegally restrained of his liberty.  Under the authorities cited by Judge Belcher, this Court's jurisdiction would not therefore be invoked and any holding this Court might make other than to deny relator's prayer for release could not be but dicta.  In other words, a declaration as to what credits should be allowed on the sentence of a prisoner which, if allowed, would not entitle him to release, would be but a declaratory judgment.

"Notwithstanding the rules stated, this Court is not precluded from declaring from what it may be worth, that the prison authorities should consider a convict's sentence to have certain credits claimed by him in a habeas corpus proceeding.

" . . .

"As I understand the prior decisions of this Court and the record made before the district judge, I express the view that the relator is not entitled to any of the credits claimed.

"The sentence has been credited with time served prior to relator's release on conditional pardon.  The conditional pardon granted and accepted was conditional and provided that time relator was at large

under it should not, in the event it was revoked, be credited or considered.

".  .  .

"The authorities dealing with cases where the trial judge in the subsequent prosecution failed to cumulate the sentence are not applicable.

"Under the holdings of this Court in Ex parte Spears, 154 Tex.Cr. R. 112, 235 S.W.2d 917, wherein Ex parte Baird, 154 Tex.Cr.R. 109, 225 S.W.2d 845, was specifically overruled, (and citing others) relator is not entitled to credit on his Texas sentence for the time he was required to serve on the Federal sentence before he could be returned to complete his Texas sentence."  (Emphasis added)

Under the authorities mentioned, you are advised that time under the State sentence of Raymond Carl Brown began to run again only for the period from September 2, 1954 to September 13, 1954 while he was in custody of the Williamson County Sheriff.  You are also advised that time under the State sentence has not run while Brown has been in federal custody serving his sentence in the federal penitentiary.

In view of the answer to the first question it is not necessary to answer your second question concerning the interpretation of Article 6166z1, Revised Civil Statutes.

## SUMMARY

Time on a state sentence, after revocation of a conditional pardon, begins to run again only for the period of time a prisoner is in the custody of State authorities, but does not run after the prisoner is delivered to Federal authorities, tried, convicted, and serves a Federal sentence.  The prisoner is not entitled to credit on his Texas sentence for the time he was required to serve on the Federal sentence before he could be returned to complete his state sentence.

Yours very truly,

WILL WILSON

APPROVED:

OPINION COMMITTEE

MORGAN NESBITT, CHAIRMAN

Virgil Pulliam
Ben Harrison
Joe Osborn
Bob Shannon

REVIEWED FOR THE ATTORNEY GENERAL

BY:   Leonard Passmore