**Ex parte James B. REYNOLDS.**

**No. 43689.**

Court of Criminal Appeals of Texas.

Dec. 31, 1970.

Rehearing Denied Feb. 17, 1971.

Walter W. Steele, Jr., Dallas, for petitioner.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is a post conviction application for writ of habeas corpus in which the petitioner, an inmate of the Texas Department of Corrections, seeks to set aside an order cumulating sentences.

Following an evidentiary hearing in the convicting court the record, findings of fact and conclusions of law were transmitted to this court. See Article 11.07, V.A. C.C.P.; Ex parte Young, Tex.Cr.App., 418 S.W.2d 824.

The record reflects that petitioner was convicted in the Criminal District Court #2 of Dallas County of robbery by assault on April 27, 1967, in Cause No. C–67–9751 and his punishment was assessed by the jury at six years. On May 18, 1967, the petitioner was again convicted in the same court of robbery in Cause No. C–67–9851 and the jury in that case also assessed the punishment at six years. On June 26, 1967, sentences were imposed in both causes. The sentences were silent as to cumulation and it appears the trial

judge expressly informed appellant's counsel at the time upon inquiry that the sentences would run concurrently.[1] No notice of appeal was given and the appellant was detained in the Dallas County jail to await transportation to the Texas Department of Corrections. Both sentences provided that the petitioner be remanded to the custody of the Dallas County sheriff for delivery immediately to the Director of the Texas Department of Corrections.

Four days later on June 30, 1967, the petitioner was returned to court and informed that the sentence in Cause No. C–67–9851 would be made cumulative of the other sentence and such sentences would run consecutively. It appears that an order of cumulation was then added to the sentence (dated June 26, 1967) in Cause No. C–67–9851. Following such action the petitioner gave notice of appeal to the Court of Criminal Appeals in both causes.

The reason for the court's action appears to stem from the request of the prosecuting attorney, Scott Bradley, who was not present when the sentences were imposed on June 26, 1967. His undated and unfiled note to the judge found among the papers of the cause was introduced without objection. It reads:

"Dear Judge King —

"The State respectfully petitions the Court to have this defendant's convictions made to run *consecutively*. The State recommended a plea of 10 yrs. to the defendant before he was tried on his second case. He insisted on a trial even though we fully informed him and his counsel, Ike Harris and Jim Burkmeyer, that we would request that his sentences be stacked in the event of conviction. Also, the jury at his second trial set his punishment without benefit of knowing that he had already been convicted of robbery.

"Many thanks,

"Scott B."[2] (emphasis in original)

On September 5, 1967, written sworn motions to withdraw the appeals were filed and approved by the trial court, such motions noting the appellate records had not been forwarded to the Court of Criminal Appeals. The docket sheets in the record before us reflect the following notation in both causes:

"Oct. 27, 1967. Deft. in open court with his atty. (Ike Harris) stated he still did not want to appeal even though his sentences are cumulated.

"Henry King

Judge."

It is appellant's contention that he is being illegally restrained at this time by virtue of the cumulation order which imposed a harsher sentence after service of the concurrent six year sentences had begun, and that such action of the court violated his constitutional rights against double jeopardy. See Fifth Amendment, United States Constitution;[3] Art. I, Sec. 14, Texas Constitution.

1. Where the court does not order that two or more sentences in different prosecutions shall be cumulative as permitted by Article 42.08, V.A.C.C.P., the terms of imprisonment automatically run concurrently. Ex parte Davis, 71 Tex.Cr. R. 538, 160 S.W. 459; Ex parte Whiteside, 141 Tex.Cr.R. 642, 150 S.W.2d 1022; Ex parte Baird, 154 Tex.Cr.R. 109, 225 S.W.2d 845; 16 Tex.Jur.2d, Criminal Law, Sec. 383, p. 586.

2. It appears the prosecutor's request to stack the sentences was made because of petitioner's refusal to accept the plea bargain offer and his insistence upon his constitutionally given right to trial by jury and because the first robbery conviction was not yet final, no sentence having been imposed, and was not therefore available to the State to introduce as part of petitioner's "prior criminal record." See Article 37.07, V.A.C.C.P.

3. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, declared the double jeopardy provision of the Fifth Amendment applicable to the states over-

Article 42.09, V.A.C.C.P., provides that the sentence shall begin to run on the day the same is pronounced in cases where no appeal is taken.[4] Petitioner claims he expressly inquired of the court as to its intentions, accepted the concurrent sentences, gave no notice of appeal and commenced the service of such sentences before the order of cumulation was entered.

In Turner v. State, 116 Tex.Cr.R. 154, 31 S.W.2d 809, the defendant was convicted in 25 cases of theft and burglary. On March 5, 1930, concurrent sentences of four years were imposed in the 25 cases. The sentences provided that Turner "be delivered by the Sheriff of McLennan County, Texas, immediately to the superintendent of the penitentiary of the State of Texas." Turner gave no notice of appeal and accepted his sentences. On March 24, 1930, Turner was returned to open court where, because of participation in a jail delivery, he was resentenced (in the cause in which appeal was subsequently taken) and such sentence was made cumulative of the first sentence imposed on March 5, 1930.

Quoting from Bishop's New Criminal Procedure (2d ed.) Vol. 2, Sec. 1298, and citing Ex parte Lange, 18 Wall. 163, 176, 21 L.Ed. 872 (1874) and many other precedents, the court held that where a defendant has remained several days in jail under sentence, the court could not, even at the same term of court, vacate sentence and impose a different one.

The court in Turner said:

"As manifested by the record, appellant had been placed in the custody of the sheriff under the terms of the first sentence pronounced upon him, and had suffered some punishment thereunder. If the second sentence should be permitted to stand, appellant would, in addition to the punishment he had already suffered under the first sentence, be incarcerated in the penitentiary for not less than two nor more than four years after the expiration of the sentence in cause No. 8506. The effect of the action of the court would be to punish appellant twice for the same offense. Under our Constitution, 'no person, for the same offense, shall be twice put in jeopardy of life or liberty.' Constitution of Texas, art. 1, § 14."

Powell v. State, 124 Tex.Cr.R. 513, 63 S.W.2d 712, closely followed Turner, and there this court wrote:

"* * * Regarding such power after the sentence has gone into operation, the general rule is set forth in the notes in 44 A.L.R. (Annotated) at page 1203, as follows: 'It seems to be well established that a trial court is without power to set aside a sentence after the defendant has been committed thereunder, and impose a new or different sentence increasing the punishment, even at the same term at which the original sentence was imposed. A judgment which attempts to do so is void, and the original judgment remains in force.'" See also 70 A.L.R. 822; 159 A.L.R. 161, 167; 168 A.L.R. 706.

Williams v. State, 145 Tex.Cr.R. 536, 170 S.W.2d 482, recognized that Turner represents an exception to the general rule that a trial court has full power and control of its judgments, orders and decrees, during the term at which they have been made, and that, in exercise of that power, he may, at the same term of court, correct, modify or set them aside. And it should be noted that the term of court is not as important now as a time limitation as it once was. See i.e., Article 42.05, V.A.C.C.P.

---

ruling Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 and North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, accorded Benton holding full retroactive effect.

See also Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469.

4. Although such statute does not affect a properly cumulated sentence. Ex parte Sanderson, Tex.Cr.App., 212 S.W.2d 639.

Giving application to the principles involved, we are constrained to hold that it was beyond the power of the court under the particular facts of this case to add a cumulation order onto the last sentence imposed after the petitioner had suffered punishment under the sentence originally imposed. Such attempted cumulation is null and void and is of no legal effect. Hence, the concurrent sentences imposed on June 26, 1967, remain in full force and effect.

It is true that the petitioner gave notice of appeal after the cumulation order was entered, but Powell v. State, supra, made clear that the right of appeal from the entry of an amended sentence after a defendant has served time under the original would not prevent the defendant from resisting entry of amended sentence. And we do not regard petitioner's withdrawal of his notice of appeal as preventing this collateral attack.

For the reasons stated, the order of cumulation entered in said Cause No. C–67–9851 is set aside, and a copy of this opinion will be delivered to the Director of the Texas Department of Corrections.