### Ex parte Wesley Lee WILLIAMS.

### No. 55132.

Court of Criminal Appeals of Texas.

June 1, 1977.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an application for writ of habeas corpus under the provisions of Article 11.07, Vernon's Ann.C.C.P.

Petitioner was convicted in Dallas County for possession of heroin and two offenses for felony theft. The trial court assessed punishment at three concurrent ten-year sentences in the Department of Corrections. The trial court ordered the State sentences to run concurrently with the federal conviction that petitioner was serving.

Petitioner contends that he has been denied "good time credit" for his State conviction while he was in the federal penitentiary. Petitioner was in federal custody from October 30, 1969, until February 5, 1975.

The trial court filed findings of fact and conclusions of law stating that petitioner has been awarded "flat time" and that no "good time" credit accrued towards his three State sentences while he was in federal custody.

From the records now before us, it appears that petitioner has been in continuous custody from February 6, 1969, until the present date. The trial court, relying on the recent decision of *Ex parte Jasper,* 538 S.W.2d 782 (Tex.Cr.App.1976), recommended that the Department of Corrections be ordered to award "good time credit" from the period of incarceration beginning February 6, 1969, and ending October 24, 1969. This is apparently the time the petitioner was in actual State custody awaiting trial.

*Ex parte Jasper,* supra, held that where the Texas authorities placed a detainer on a defendant in out-of-state custody and thereafter the defendant was sentenced after the effective date of Article 42.03, Vernon's Ann.C.C.P., the defendant was entitled to "good time" credit that may have been earned while in the out-of-state custody. This Court held the defendants were in "constructive custody" of the State of Texas when the detainer was issued. Compare *Harrelson v. State,* 511 S.W.2d 957 (Tex.Cr. App.1974); *Ex parte Alvarez,* 519 S.W.2d 440 (Tex.Cr.App.1975); *Ex parte Spates,* 521 S.W.2d 265 (Tex.Cr.App.1975).

The identical issue that petitioner has raised has been raised previously, and the past decisions of this Court are not favorable to his position. See *Gentry v. State,* 464 S.W.2d 848 (Tex.Cr.App.1971); *Ex parte Baird,* 154 Tex.Cr.R. 508, 228 S.W.2d 511 (1950); and see *Holtzinger v. Estelle,* 488 F.2d 517 (5 Cir. 1974). As noted in these cases, the rule is well established that "good time" is awarded only to inmates while in the custody of the Department of Corrections. This is the result of a specific statutory provision, Vernon's Ann.Civ.Stat., Art. 6184*l*, which was enacted by the Texas Legislature to encourage prison discipline by rewarding the good conduct of inmates while in the Department of Corrections.

Although we agree with the general statement of law, we believe it is time to reexamine this issue which petitioner presents.

■ The Department of Corrections should be the only agency that awards good time. In *Gardner v. State,* 542 S.W.2d 127 (Tex.Cr.App.1976), we held that the Department of Corrections is the only agency authorized to award good time credits even though such award is not mandatory but dependent upon the inmate's good conduct during the service of his sentence, whether he be in the county jail or in the State prison system. There is no question that the inmate must be in the "physical custody" of the Department of Corrections before "good time" can be awarded for any previous confinement. In this day of efficient modern communications, however, we see no practical reasons for denying a Texas inmate a reward for good time conduct which he earned while he was confined in another jurisdiction yet subject to the "constructive custody" of the Texas Department of Corrections.[1] We stated in *Gentry v. State,* supra, that one of the reasons good time credit is not awarded to prisoners who are not in the actual physical custody of the Department of Corrections is that Texas officials have no way to determine what reward should be bestowed on the inmate for his behavior while in the custody of some other jurisdiction. This language,

while it may be appropriate where there are no records, is certainly no excuse for denying "good time credits" where the records are readily available.[2]

■ "But for" the federal conviction, petitioner would have been transferred to the Department of Corrections when the State conviction became final. The federal incarceration precluded "physical custody" but petitioner was still in "constructive custody" of the Department of Corrections. As petitioner did not have his choice of custodian, it is repugnant to Article 1, Section 19, of the Texas Constitution[3] to deny him credit for good conduct while in the federal institution. Obviously, the records will have to be available to see if this conduct would satisfy their predicate in awarding the petitioner good time credit.

We do not feel that Article 42.03, Vernon's Ann.C.C.P., effective August 27, 1973, is controlling, since this provision of the Code pertains to the trial court only. After sentence has become final, the defendant is in the custody of the Department of Corrections either through "constructive" or "physical" detention. It is this rationale that compels this Court to require the Department of Corrections to apply "good time" credit equally to both; therefore, the Department of Corrections' officials shall make whatever decisions are appropriate in

1. Of course, this decision to reward good time can be made only after a prisoner has been placed in the physical custody of the Texas Department of Corrections. See *Gardner v. State,* supra.

2. This Court is well aware of the language in *Pruett v. Texas,* 470 F.2d 1182 (5th Cir. 1973), aff'd in 414 U.S. 802, 94 S.Ct. 118, 38 L.Ed.2d 39 (1973), which held that where no conduct records were maintained in the county jail it must be presumed that the conduct was good. That decision, although having a sweeping effect for "good time credit", is not necessarily controlling in this situation. A close reading of *Pruett* clearly indicates that Pruett was denied "good time credit" because he was unable to post bond while his case was on appeal. None of the conditions in *Pruett* exist in this case except for the language that good time credit is only awarded to inmates in actual custody of the Texas Department of Corrections. In the instant case, petitioner was not in the custody

of the county sheriff or in the control of a state district judge. Petitioner was in actual federal custody and simultaneously in constructive custody of the Texas Department of Corrections. To hold otherwise would indicate that the Texas sentence which became final was simply in limbo. We find it very difficult to say that his constitutional rights as provided by Art. 1, Sec. 19, of the Texas Constitution have not been violated when he has been denied credits, although actual records have in fact been kept in a federal institution. We do not find *Pruett* controlling.

3. Art. I, Sec. 19 of the Texas Constitution provides:

"No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

awarding petitioner with good time credit, if any, based upon the records from the federal authorities.

The relief sought is granted. A copy of this opinion will be delivered to the Department of Corrections.