**Ex parte Bobby Ray BOWENS.**

**No. 61285.**

Court of Criminal Appeals of Texas, En Banc.

May 23, 1979.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an application for writ of habeas corpus filed pursuant to Article 11.07, V.A. C.C.P.

On December 6, 1971, Bobby Ray Bowens was assessed two concurrent ten-year sentences. He was paroled from the Texas Department of Corrections (TDC) on October 31, 1974. He was subsequently three times arrested and held in the Tarrant County jail as a parole violator. On each of these occasions he was held in Tarrant County pursuant to a pre-revocation parole warrant that acts as a detainer in favor of TDC. On the first two occasions he was transferred to TDC the warrant was withdrawn and he was released to continue his parole. On the third occasion his parole was revoked.

TDC has credited petitioner with calendar time for the time he spent in the Tarrant County jail from March 8, 1976, to March 26, 1976; from September 10, 1976, to December 2, 1977; and from April 26, 1978 to July 14, 1978. They have not credited him with good time for these time periods.

Petitioner filed this application with the convicting court. The State filed an answer agreeing that relief should be granted. No hearing was held or fact findings entered but the trial court also recommended that relief be granted.

In *Ex parte Williams*, 551 S.W.2d 416 (Tex.Cr.App.1977), we dealt with a similar contention by saying:

"(Since) . . . petitioner did not have his choice of custodian, it is repugnant to Article 1, Section 19, of the Texas Constitution to deny him credit for good conduct while in the federal institution.

. . .

"We do not feel that Article 42.03, Vernon's Ann.C.C.P., effective August 27, 1973, is controlling, since this provision of the Code pertains to the trial court only. After sentence has become final, the defendant is in the custody of the Department of Corrections either through 'constructive' or 'physical' detention. It is this rationale that compels this Court to require the Department of Corrections to apply 'good time' credit equally to both;

. . . . "

The merits of petitioner's contentions are controlled by *Williams*. As soon as petitioner was placed in the Tarrant County jail under the parole revocation warrant he was under the constructive custody of TDC. He, therefore, is entitled to consideration for good time credits for all three time periods.

The instant application contains numerous documents attached as exhibits which tend to substantiate petitioner's allegations. However, without competent evidence to prove all of the necessary facts, we will not specifically order that certain good time credits be awarded. TDC has all of the factual information from which to award the good time. We, therefore, hold only that petitioner is entitled to good time credits for all time periods he was held in the Tarrant County jail pursuant to a parole revocation warrant. The ultimate decision concerning the specific amount of credit

must be left to the officials of TDC subject to review by this Court.[1]

IT IS SO ORDERED THIS THE 23rd DAY OF MAY, 1979.

---

1. We are not passing upon cases that were tried after June 14, 1973. The Legislature provided in Article 42.12, Section 22, V.A.C.C.P.:

". . . When the Governor revokes a prisoner's parole, he may be required to serve the portion remaining of the sentence on which he was released on parole, such portion remaining to be calculated without credit for the time from the date of his release on parole to the date of his revocation of parole by the Governor on the charge of parole violation. When a warrant is issued by the Board of Pardons and Paroles or the Governor charging a parole violation, the sentence time credit shall be suspended until a determination is made by the Board of Pardons and Paroles or the Governor in such case and such suspended time credit may be re-instated by the Board of Pardons and Paroles should such parole be continued." Acts 1973, 63rd Leg., p. 1235, ch. 447, Sec. 1, effective June 14, 1973.