

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00172-CR

DEVEN DESHON ROSSER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CR03258

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

After Deven Deshon Rosser's community supervision was revoked, the trial court sentenced him to two years' imprisonment for the offense of endangering a child[1] and ten years' imprisonment for the offense of family violence assault.[2] The cases were tried together and have been appealed and briefed separately.

Here, Rosser appeals from his revocation for endangering a child.[3] He contends (1) that the judgment revoking his community supervision should be modified to reflect that the two sentences were to be served concurrently and (2) that the judgment's assessment of a $100.00 reimbursement fee is not supported by the record. Because we find Rosser's points of error to be without merit, we affirm the trial court's judgment revoking community supervision.

## I. Background

In February 2022, pursuant to a plea-bargain agreement, Rosser pled guilty to endangering a child and family violence assault. As to the offense of endangering a child, the trial court sentenced him to two years' confinement, suspended that sentence, and then placed him on five years' community supervision. As to the offense of family violence assault, the trial court sentenced him to ten years' imprisonment, suspended that sentence, and placed him on ten years' community supervision. In each case, he was assessed a reimbursement fee of $75.00.

---

[1]TEX. PENAL CODE ANN. § 22.041 (Supp.).

[2]TEX. PENAL CODE ANN. § 22.01 (Supp.).

[3]Rosser appeals from his revocation for the offense of family violence assault in companion cause number 06-22-00173-CR, also decided this day.

In June 2022, the State filed a motion to revoke Rosser's community supervision, alleging that Rosser violated the terms and conditions of community supervision by (1) failing to report his change of address to his community supervision officer, (2) committing aggravated assault with a deadly weapon, (3) committing assault with bodily injury, (4) committing family violence assault, and (5) committing the offense of unlawfully carrying a weapon as a convicted felon. Rosser entered a plea of "not true" to each of the State's revocation allegations. After a hearing, the trial court found grounds (1), (3), (4), and (5) to be true and revoked Rosser's community supervision. As to the offense of endangering a child, the court sentenced Rosser to two years in the State Jail Division of the Texas Department of Criminal Justice (TDCJ) and assessed him a reimbursement fee of $100.00, and as to the offense of family violence assault, the court sentenced Rosser to ten years in the Institutional Division of the TDCJ and assessed him a reimbursement fee of $100.00. The trial court orally announced that the sentences would run concurrently.

## II.     The Sentences Run Concurrently

In his first issue, Rosser asserts that the judgment should be modified to reflect that the two sentences he received were to be served concurrently.[4]

Generally, "where the sentence is silent as to any order of cumulation of sentences or there is an improper order of cumulation[,] the sentence will automatically run concurrently with

---

[4]The State contends that this issue was not preserved for our review. However, this Court has the authority to modify a judgment "to make the record speak the truth when the matter has been called to [our] attention by any source." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).

any other outstanding sentence." *Ex parte Hernandez*, 758 S.W.2d 594, 596 (Tex. Crim. App. 1988) (orig. proceeding) (citing TEX. CODE CRIM. PROC. ANN. art. 42.08); *see Moore v. State*, 371 S.W.3d 221, 228 (Tex. Crim. App. 2012) ("We have long held that '[w]here the court does not order that two or more sentences in different prosecutions shall be cumulative as permitted by Article 42.08 . . . , the terms of imprisonment automatically run concurrently.'" (alteration in original) (quoting *Ex parte Reynolds*, 462 S.W.2d 605, 606 n.1 (Tex. Crim. App. 1970) (orig. proceeding))).

Here, the trial court orally pronounced, "These sentences will run concurrent." The judgment in this case states, "THIS SENTENCE SHALL RUN CONCURRENTLY WITH." Because the judgment reflects that the sentence is to be served concurrently, the judgment corresponds to the trial court's oral pronouncement, and the sentences run concurrently. Therefore, this point of error is without merit.

### III. Reimbursement Fee

In his final point of error, Rosser contends that the "judgment included reimbursement fees of $100, which was not supported by the prior probation judgment or the bill of costs."

"[W]e review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost . . . ." *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014).

Here, the judgment revoking community supervision assessed a reimbursement fee of $100.00. The amended bill of costs reflects the following reimbursement fees:

| | | |
|---|---|---|
| Notice to appear/arrest w/o warrant | $5.00 (x6) | $30.00 |
| Executing Capias, Warrant, etc. | $50.00 (x2) | $100.00 |
| Summoning Witness | $5.00 (x4) | $20.00 |
| Taking and Approving a bond | $10.00 | $10.00 |
| Commitment fee | $5.00 (x2) | $10.00 |
| Release Fee | $5.00 | $5.00 |

The fees listed total $175.00. Therefore, charges contained in the amended bill of costs do support the judgment's imposition of $100.00 in reimbursement fees, and Rosser's argument is without merit.

Having found Rosser's two points of error to be without merit, we affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted: June 6, 2023
Date Decided: June 21, 2023

Do Not Publish